1  BAKER BOTTS L.L.P.
   Jon V. Swenson
2  CA State Bar No. 0233054
   1001 Page Mill Road
3  Building One, Suite 200
   Palo Alto, California 94340-1007
4  jon.swenson@bakerbotts.com
   Tel: 650-739-7514
5  Fax: 650-739-7614

6  ATTORNEY FOR DEFENDANTS:

7  ON SEMICONDUCTOR CORP. AND
   SEMICONDUCTOR COMPONENTS
8  INDUSTRIES, LLC

9

10              IN THE UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13  POWER INTEGRATIONS, INC.,            **Case No. 5:16-cv-06371-BLF**

14        PLAINTIFF,                     **DEFENDANTS' MOTION TO
                                         TRANSFER OR TO SEVER AND
15  v.                                   TRANSFER IN THE
                                         ALTERNATIVE**
16  ON SEMICONDUCTOR CORP. AND
    SEMICONDUCTOR COMPONENTS             **Hon. Beth Labson Freeman**
17  INDUSTRIES, LLC,
                                         Date: March 16, 2017
18        DEFENDANTS.                    Time: 9:00 A.M.
                                         Courtroom 3, Fifth Floor
19

20

21

22

23

24

25

26

27

28

1

2

# **Table of Contents**

3

**Page**

4
NOTICE OF MOTION AND MOTION ..................................................................................... 1

STATEMENT OF RELIEF REQUESTED .............................................................................. 1

5
MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

6
A.      Background Facts............................................................................................................ 2

7
B.      The First-To-File Rule Applies and Its Application in this Case Should not be
        Controversial ................................................................................................................. 3

8

9
C.      The First-To-File Rule Requires the Transfer of This Case ............................................. 4

10
D.      None of the Exceptions to the First-to-File Rule Apply ................................................... 5

11
E.      The Analysis of Whether an Exception Applies Must be Conducted by the Arizona Court
        Following Transfer of This Action .................................................................................. 8

12
F.      Previous Litigation in this District Involving the '079 Patent Does not Prevent Application
        of the First-to-File Rule or Transfer ................................................................................ 9

13

14
G.      PI's Previous Challenge to Personal Jurisdiction in Arizona Does Not Prevent Transfer
        under the First-to-File Rule ........................................................................................... 10

15
H.      Conclusion .................................................................................................................... 10

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

*Alioto v. Hoiles*,

5

No. C 04-1395 PJH, 2004 WL 2326367 (N.D. Cal. Oct. 12, 2004) ........................................4

6

*Alltrade, Inc. v. Uniweld Prods., Inc.*,

946 F.2d 622 (9th Cir. 1991) ...............................................................................................8

7

*AOptix Technologies v. Blue Spike LLC*,

8

Civ. No. 13-cv-1105 YGR, slip op. (N.D. Cal. Dec. 10, 2013) ...............................................10

9

*Barnes and Noble, Inc. v. LSI Corp.*,

823 F. Supp. 2d 980 (N.D. Cal. 2011) ...............................................................................6, 7, 8

10

11

*Elecs. for Imaging, Inc. v. Coyle*,

394 F.3d 1341 (Fed. Cir. 2005) ...............................................................................................4

12

*Fairchild Semiconductor Corporation et al v. Power Integrations Inc.*,

13

Case No. 1:12-cv-00540-LPS ...............................................................................................10

14

*Fujitsu Ltd. v. Nanya Tech. Corp.*,

15

No. C 06-6613 CW, 2007 WL 484789 (N.D. Cal. Feb. 9, 2007) ...............................................5

16

*Genentech, Inc. v. Eli Lilly & Co.*,

998 F.2d 931 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven*

17

*Falls Co.,* 515 U.S. 277 (1995) ...............................................................................................4

18

*Genentech, Inc. v. GlaxoSmithKline, LLC*,

Case No. 5:10-cv-04255-JF 2010 WL 4923954, at *7

19

(N.D. Cal. Nov. 30, 2010) ...............................................................................................9

20

*Hospah Coal Co. v. Chaco Energy Co.*,

21

673 F.2d 1161 (10th Cir. 1982) ...............................................................................................8

22

*In re Genentech*,

566 F.3d 1338 (Fed. Cir. 2009) ...............................................................................................7

23

*Intel Corp. v. Wi-LAN, Inc.*,

24

No. C 08-04555 JW, slip op. (N.D. Cal. June 4, 2009) ...............................................9

25

*Juniper Networks v. Mosaid Techs. Inc.*,

No. C 11-6264 PJH, 2012 WL 1029572 (N.D. Cal. Mar. 26, 2012) ...............................8, 9

26

27

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,

518 F.3d 897 (Fed. Cir. 2008) ...............................................................................................4, 7, 8

28

ii                   DEFENDANTS' MOTION TO TRANSFER
OR TO SEVER AND TRANSFER IN THE
ALTERNATIVE

*ON Semiconductor Corporation et al. v. Power Integrations, Inc.*,
   Case No. CV-16-02720-PHX-SPL .................................................................1

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982)...................................................................8, 9

*SAP America, Inc. v. Purple Leaf, LLC*,
   No. C 11-4601 PJH, 2012 WL 49239 (N.D. Cal. Jan. 9, 2012)................9

*Sensus USA Inc. v. Badger Meter Inc.*,
   16-CV-03376-LHK, 2016 WL 5390300 (N.D. Cal. Sep. 27, 2016).......6, 8

*Serco Services Co., L.P. v. Kelley Co., Inc.*,
   51 F.3d 1037 (Fed. Cir. 1995)..................................................................7

*Tiber Labs., LLC v. Cypress Pharmaceuticals, Inc.*,
   2007 WL 3216625 (N.D. Ga., May 11, 2007) .........................................8

*TPM Holdings v. Intra–Gold Indus.*,
   91 F.3d 1 (1st Cir. 1996)..........................................................................9

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995)..................................................................................4

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*,
   218 F.R.D. 663 (N.D. Cal. 2003) .........................................................4, 6

**FEDERAL STATUTES**

28 U.S.C. § 1404 ............................................................................................7

28 U.S.C. § 1404(a) .......................................................................................7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 16, 2017 at 9:00 A.M. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Beth Labson Freeman at the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California, Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC (collectively "ON Semiconductor") will and hereby do move the Court for an order transferring this case to the District of Arizona, or, in the alternative, severing the causes of action concerning U.S. Patent Nos. 6,212,079 ("the '079 patent"), and 8,115,457 ("the '457 patent") and transferring those causes of action to the District of Arizona.

## STATEMENT OF RELIEF REQUESTED

ON Semiconductor respectfully moves that this Court issue in an order transferring this lawsuit to the District of Arizona, where a first-filed lawsuit on the subject matter of this lawsuit has been pending since August 2016.  In the alternative, ON Semiconductor moves that this Court issue an order severing the causes of action concerning the '079 patent and the '457 patent and transferring those actions to the District of Arizona.

## MEMORANDUM OF POINTS AND AUTHORITIES

Under a straightforward application of the "first-to-file" rule, this Court should transfer this lawsuit to the District of Arizona.  On August 11, 2016 — nearly three months before this lawsuit was filed — ON Semiconductor filed a patent infringement and declaratory judgment lawsuit against Power Integrations, Inc. (PI) in the District of Arizona.   The Arizona lawsuit is styled *ON Semiconductor Corporation et al. v. Power Integrations, Inc.*, Case No. CV-16-02720-PHX-SPL.  A copy of the original complaint in this lawsuit is attached as Exhibit 1; a copy of the original complaint in the Arizona lawsuit is attached as Ex. 2; and a copy of the First Amended Complaint ("FAC") in the Arizona lawsuit is attached as Ex. 3.  Two of the six counts in this lawsuit are entirely duplicative of the causes of action asserted by ON Semiconductor in the Arizona lawsuit.

In particular, for the '079 patent, the First Cause of Action in this lawsuit is for alleged infringement of the '079 patent (Ex. 1 at p. 2); Count Seven in the Arizona lawsuit is a claim for a declaratory judgment of noninfringement of the '079 patent. Ex. 2 at p. 18 (numbered as Count Six in the original complaint) and Ex. 3 at p. 25 (numbered as Count Seven in the FAC). For the '457 patent, the Second Cause of Action in this lawsuit is for alleged infringement of the '457 patent (Ex. 1 at p. 7); Count Eight of the Arizona lawsuit is a claim for a declaratory judgment of the '457 patent. Ex. 2 at p. 20 (numbered as Count Eight in the original complaint) and Ex. 3 at p. 27 (numbered as Count Nine in the FAC). These causes of action are precise mirror images of each other. In the first-filed lawsuit in Arizona, ON is seeking a declaration that its products do not infringe the '079 and '457 patents. Here, in the second-filed lawsuit in California, PI is alleging infringement of the '079 and '457 patents. The same legal and factual issues are presented in both cases.

PI's litigation strategy is transparent and easy to follow. Because PI does not want to proceed in the first-filed lawsuit Arizona, PI filed a retaliatory second lawsuit in this district to allege infringement of the '079 and '457 patents. And, in an attempt to avoid the first-to-file rule, PI asserted claims in this lawsuit on four patents in addition to the '079 and '457 patents to add an ostensible anchor to this lawsuit to prevent the transfer of the entirety of this lawsuit to Arizona. This Court should transfer the entirety of this lawsuit, including *both* the first-filed claims concerning the '079 and '457 patents and the four additional claims of patent infringement, to Arizona. Proceeding in Arizona is appropriate, whether considered under the first-file-rule or general principles of transfer. This lawsuit could have originally been brought in Arizona, and evidence concerning ON Semiconductor's alleged infringement will originate from Arizona, not California. In the alternative, if the Court is not inclined to transfer this entire lawsuit to Arizona, the Court should sever the claims on the '079 and '457 patents and transfer the claims on the '079 and '457 patents to the District of Arizona.

### A.    Background Facts

ON Semiconductor filed the Arizona lawsuit on August 11, 2016. As detailed in the

complaint in the Arizona lawsuit, PI's president, Balu Balakrishnan, has accused ON Semiconductor of infringing the '079 and '457 patents (Ex. 3 at Pars. 12-14), and Mr. Balakrishnan's accusations of infringement are documented, for example, in an e-mail from Mr. Balakrishnan to the president of ON Semiconductor.  Ex. 3 at Pars. 12-13 and Ex. K.  Because of PI's allegations of infringement, ON Semiconductor exercised its right to file claims for a declaratory judgment of noninfringement on the '079 and '457 patents, which are Counts Seven and Nine of the FAC of the Arizona lawsuit.

ON Semiconductor served PI with the Arizona complaint on September 1, 2016, and PI has received multiple extensions of time to respond to the complaint in the Arizona lawsuit.  The first extension moved PI's response date from September 22 to October 24, 2016.  PI sought and received a second extension to move PI's response date to November 4, 2016.  During the pendency of the second extension, which was sought by PI under the pretense of requiring additional time to discuss a possible negotiated stay of certain actions between parties, PI filed this lawsuit *and* separately moved (i) to dismiss the Arizona lawsuit under various Rule 12 grounds and (ii) to transfer the Arizona lawsuit to this district in the alternative.  Because PI did not meet and confer as required by a standing order of the presiding judge of the Arizona lawsuit, Hon. Stephen P. Logan, PI had to withdraw its motion in the Arizona lawsuit so that ON Semiconductor could file an amended complaint to correct the alleged deficiencies that were the subject of the Rule 12 motion.  ON Semiconductor filed its FAC on November 18, 2016 (Ex. 3), and Judge Logan has now granted PI yet another extension to respond to the FAC, currently due on January 4, 2017.  ON Semiconductor's declaratory judgment claims on the '079 patent and the '457 patent were included in the original complaint (filed August 11, 2016) and the FAC (filed November 18, 2016) in the Arizona lawsuit.

### B.    The First-To-File Rule Applies and Its Application in this Case Should not be Controversial

The application of the first-to-file rule should not be in dispute.  ON Semiconductor filed the declaratory judgment claims in Arizona almost three months before this lawsuit was filed. The claims in the Arizona lawsuit and this lawsuit involve the same patents, the same parties, and

DEFENDANTS' MOTION TO TRANSFER OR TO SEVER AND TRANSFER IN THE ALTERNATIVE

the same factual issues.  When there are competing lawsuits on the same claims, it is well settled that the action should proceed in the court of the first-filed action.

In patent infringement actions, Federal Circuit law controls when courts evaluate "whether to accept or decline jurisdiction in an action for a declaration of patent rights in view of a later-filed suit for patent infringement."  *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005).  When cases between the same parties raising the same issues are pending in two or more federal districts, the general rule is to favor the forum of the first-filed action, even if it is a declaratory judgment action.  *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).  The first-filed suit has priority over a later-filed suit unless sound reasons "of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise."  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 288–89 (1995).  The first-to-file rule requires transferring this action to the District of Arizona, and no exceptions or considerations of convenience, judicial economy, or justice suggest otherwise.

**C.    The First-To-File Rule Requires the Transfer of This Case**

In applying the first-to-file rule, courts consider three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues."  *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).  "Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are substantially similar."  *Alioto v. Hoiles*, No. C 04-1395 PJH, 2004 WL 2326367, at *5 (N.D. Cal. Oct. 12, 2004) (internal quotation marks omitted).

Here, all three factors of the first-to-file rule weigh in favor of transfer.  First, the Arizona lawsuit was filed on August 11, 2016, almost three months before the filing of this lawsuit. Second, the parties are identical.   Both actions involve PI as the owner of the '079 and '457 patents, and ON Semiconductor as the accused infringer of those patents.  Third, the issues between the actions are the same.  There is no dispute that the Arizona action and the present action are identical with respect to the '079 and '457 patents.

As for the four additional patents in this lawsuit, the claims on these four additional patents should also be transferred to the District of Arizona.   The transfer of the entire lawsuit, including the two patents subject to the first-to-file rule and the four additional patents, would be more efficient in terms of the management of the litigation as a whole.  A court may transfer the second-filed action even when the second-filed action includes a patent that is not part of the first-filed action.  *See, e.g., Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613 CW, 2007 WL 484789, at *3 (N.D. Cal. Feb. 9, 2007).  In *Fujitsu*, the district court of the second filed case held that it would transfer the second-filed case if the first-filed court decided to retain the first-filed case, even though the second-filed case included a patent that was not in the first-filed case.  *Id*. Here, all six patents are directed to similar products and technology.  Like the two patents that are subject to the first-to-file rule, the four additional patents concern power converters and power converter technology, and PI's president, Mr. Balu Balakrishnan, overlaps as an inventor on four of the six patents.  The accused products for all six patents will come from the same business unit at ON Semiconductor.  Thus, there will be overlap of factual and legal issues — including issues affecting alleged infringement, damages, and discovery — across the two patents subject to the first-to-file rule *and* the four additional patents.

The efficient administration of this dispute would involve the transfer of all six patents to the District of Arizona.  It should also be understood that the four additional patents include two sets of continuation patents, meaning that the four additional patents include just *two* additional patent families (and therefore only two additional patent specifications).  If, however, the Court is inclined to retain the four additional patents on its docket, ON Semiconductor respectfully moves that the Court sever and transfer the '079 and '457 patents to the District of Arizona so that the claims on these patents can be consolidated with the first-filed lawsuit.

### D.   None of the Exceptions to the First-to-File Rule Apply

Courts will sometimes refuse to apply the first-to-file rule if the first-filed suit was "anticipatory" or the convenience factors weigh in favor of retaining the case in the forum of the second-filed lawsuit.  None of those factors apply in this instance.

5

First, there is no argument that the Arizona lawsuit was "anticipatory." Although the Federal Circuit has not specified the exact circumstances for a first-filed lawsuit to be "anticipatory," courts have traditionally considered the parties' immediate pre-filing communications and the timing of the first-filed lawsuit to determine whether the first-filed suit was an attempt to preempt the defendant's choice of forum. *Sensus USA Inc. v. Badger Meter Inc.*, 16-CV-03376-LHK, 2016 WL 5390300, *3 (N.D. Cal. Sep. 27, 2016). This Court has held that a suit is anticipatory "when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." *Z-Line Designs*, 218 F.R.D. at 665. Allegations of infringement and requests to stop infringing, even when those allegations and requests may be reasonably interpreted as an indication of an impending suit, are insufficient to create an "imminent threat" of suit. *See Sensus USA*, 2016 WL 5390300 at *3-4 (holding that while allegations of infringement and a deadline to comply with a cease and desist letter could be reasonably interpreted as an indication of an impending suit, they do not constitute "a direct threat" of suit for purposes of an anticipatory filing); *see also Barnes and Noble, Inc. v. LSI Corp.,* 823 F. Supp. 2d 980, 991–92 (N.D. Cal. 2011).

Although ON Semiconductor had a reasonable apprehension of suit, the Arizona lawsuit cannot be labeled as "anticipatory." There was not a race to the courthouse, and ON Semiconductor did not time the filing of the Arizona action for the purpose of preempting PI's choice of forum. Moreover, the lack of an "anticipatory" lawsuit is clear from the timing of the suits. This action was not filed by PI until almost three months *after* the Arizona lawsuit, demonstrating that an affirmative suit by PI was not "imminent" at the time the Arizona lawsuit was filed. Additionally, the communications between the parties do not show that an infringement suit by PI was "imminent." Before the filing of the Arizona lawsuit, PI had accused ON Semiconductor of infringement and requested that ON Semiconductor agree to stop selling certain products in Arizona. Ex. 3 at Pars 12-14 and Exs. J and K. These allegations and requests, without more, do not amount to an "imminent threat" of suit. *See Sensus USA*, 2016 WL 5390300 at *3-4. Thus, ON Semiconductor did not file the Arizona lawsuit to preempt an

1    infringement suit that was imminent and the first-filed lawsuit in Arizona cannot be deemed

2    "anticipatory."

3         Second, the convenience factors do not favor the retention of this dispute in this forum.  In

4    determining whether there is a "sound reason that would make it unjust or inefficient to continue

5    the first-filed action," the Court may also consider the "convenience factors" set forth in the

6    transfer statute, 28 U.S.C. § 1404(a), including "the convenience and availability of witnesses,

7    absence of jurisdiction over all necessary or desirable parties, the possibility of consolidation with

8    related litigation," and "considerations relating to the interest of justice."  *Micron Tech.*, 518 F.3d

9    at 904–05.

10        The convenience of the parties, witnesses, and access to evidence are considered when

11   evaluating whether the convenience exception should override the application of the first-to-file

12   rule.  *See Serco Services Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 39–40 (Fed. Cir. 1995); *see*

13   *also Barnes & Noble*, 823 F. Supp. 2d at 993 (discussing the convenience of the parties,

14   witnesses, and the access to evidence when applying the 28 U.S.C. § 1404 convenience factors).

15   It is well known that, "[i]n patent infringement cases, the bulk of the relevant evidence usually

16   comes from the accused infringer." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).  It

17   cannot be disputed in this lawsuit that the alleged infringing activity will involve ON

18   Semiconductor products (*See, e.g.*, Ex. 1 at Pars. 17 and 18), and relevant evidence will come

19   from ON Semiconductor.  ON Semiconductor's headquarters are in Arizona, and at least some of

20   the accused products were designed by ON Semiconductor personnel in Arizona.  Moreover,

21   members of the marketing team and the application engineering team for all of the accused

22   products live and work in Arizona.  Although ON Semiconductor has employees who reside in

23   the Northern District of California, ON Semiconductor does not anticipate that any of those

24   employees will serve as witnesses in this lawsuit.  Rather than have the parties litigate

25   substantially similar cases in two districts, the entirety of this lawsuit should be transferred to the

26   District of Arizona for the sake of best conserving party and judicial resources.

27        The interest of justice is also considered as a possible exception to the first-to-file rule.

28

*Micron Tech.*, 518 F.3d at 904; *see also Barnes & Noble*, 823 F. Supp. 2d at 993.   "Factors related to the interest of justice factors include court congestion, the local interest in deciding local controversies, conflicts of laws between jurisdictions, and burdening citizens in an unrelated forum with jury duty."   *Sensus USA*, 2016 WL 5390300 at *6.   None of these factors support retention of this lawsuit by the Court.   In terms of local interest in resolving controversies, the District of Arizona has a stronger interest because it is the forum of the first filed lawsuit and the location of the party accused of infringement in this lawsuit.   In terms of court congestion, this district is not more favorable, and both federal courts are adept at applying federal patent law. Thus, none of the interest of justice factors prevents the transfer of the entirety of this lawsuit to the District of Arizona.

**E.    The Analysis of Whether an Exception Applies Must be Conducted by the Arizona Court Following Transfer of This Action**

Finally, the determination of whether an exception to the first-to-file rule applies must be conducted by the court of the first-filed action, which is the Arizona court.   Because the elements of the first-to-file rule are met, the court of the first-filed action — the Arizona court — should weigh the convenience factors and any other factors that might create an exception to the first to file rule.   *See, e.g., Juniper Networks v. Mosaid Techs. Inc.*, No. C 11-6264 PJH, 2012 WL 1029572, at *2 (N.D. Cal. Mar. 26, 2012) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).   Although the Federal Circuit has not particularly addressed the issue, courts in nearly every circuit, including the Ninth Circuit, have held that the court in which the second action was filed should defer to courts in the first-filed action.   *See, e.g., Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) ("normally the forum non conveniens argument should be addressed to the court in the first-filed action"); *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163-64 (10th Cir. 1982) (holding that, as between two courts presented with duplicative litigation, the court in which the action was first filed "should be allowed to first decide issues of venue"); *Tiber Labs., LLC v. Cypress Pharmaceuticals, Inc.*, 2007 WL 3216625, at *2 (N.D. Ga., May 11, 2007) ("Thus, once the Court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed

1    court to resolve the question of whether both should be allowed to proceed."); *TPM Holdings v.*

2    *Intra–Gold Indus.*, 91 F.3d 1, 4 (1st Cir. 1996).

3    　　Courts in the Northern District of California have consistently deferred the consideration

4    of exceptions to the first-filed Court in patent cases.  *See, e.g., Genentech, Inc. v.*

5    *GlaxoSmithKline, LLC,* Case No. 5:10-cv-04255-JF /PVT, 2010 WL 4923954, at *7 (N.D. Cal.

6    Nov. 30, 2010) ("the administration of justice would be chaotic" if the court in a second-filed

7    action considers the convenience factors); *Juniper*, 2012 WL 1029572, at *2-3; *SAP America,*

8    *Inc. v. Purple Leaf, LLC*, No. C 11-4601 PJH, 2012 WL 49239, at *2 (N.D. Cal. Jan. 9, 2012);

9    *Intel Corp. v. Wi-LAN, Inc.*, No. C 08-04555 JW, slip op. at 9 (N.D. Cal. June 4, 2009)[1];

10   *Pacesetter,* 678 F.2d at 96.  Thus, although no facts or circumstances warrant an exception to the

11   first-to-file rule, the determination of whether an exception applies must be conducted by the

12   District of Arizona.

13   　　**F.      Previous Litigation in this District Involving the '079 Patent Does not Prevent**
        　　　　**Application of the First-to-File Rule or Transfer**

14

15   　　Finally, PI will no doubt contend that litigation history involving the '079 patent in the

16   Northern District of California favors retention of the claim on the '079 patent in this Court.  The

17   previous lawsuits involving the '079 patent were before Hon. Maxine Chesney, who has already

18   confirmed by an order entered in this lawsuit that this lawsuit and the previous lawsuits are not

19   related.  Ex. 4 (Docket No. 17).  In addition, the accused products in this lawsuit and the previous

20   lawsuits involving the '079 patent will be considerably different.  The claims on the '079 patent

21   in this lawsuit and the Arizona lawsuit concern products of ON Semiconductor.  The previous

22   lawsuits on the '079 patent in this district concerned products of Fairchild Semiconductor.

23   Although Fairchild Semiconductor is now owned by ON Semiconductor (as of September 2016),

24   the accused products in this lawsuit will involve ON Semiconductor-branded power converter

25   products that *were not at issue* in any of the previous lawsuits involving the '079 products.

26   Further, with respect to judicial efficiency, there will be no advantage from retaining this lawsuit

27   _____

28   [1]　　A copy of this opinion is attached as Ex. 5.

in this district.  Judge Chesney has ruled that this action is not related (Ex. 4), meaning that a different judge — whether the judge assigned to this lawsuit (Hon. Beth Labson Freeman) or the judge of the Arizona lawsuit (Hon Stephen P. Logan) – will handle the infringement claim on the '079 patent asserted in this lawsuit.  As for the '457 patent, which was also the subject of the first-filed action in Arizona, there is previous litigation involving the '457 patent in the *District of Delaware* between PI and Fairchild Semiconductor.  (*Fairchild Semiconductor Corporation et al v. Power Integrations Inc.*, Case No. 1:12-cv-00540-LPS).  But the '457 has never before been the subject of litigation *in this district*.  Also, the four additional patents have no previous litigation history in any court.  In sum, the previous litigation in this district involving the '079 does not present a persuasive reason for retaining this lawsuit in this district, and the remaining causes of action present no reason at all for proceeding in this district.

### G.      PI's Previous Challenge to Personal Jurisdiction in Arizona Does Not Prevent Transfer under the First-to-File Rule

In the Arizona action, PI filed a motion seeking a dismissal for lack of personal jurisdiction.  PI withdrew the motion and has not refiled it.  Even if PI refiles its personal jurisdiction motion before this motion is resolved, the pendency of a personal jurisdiction motion in the court of the first-filed action does not prevent transfer under the first-to-file rule.  *See AOptix Technologies v. Blue Spike LLC*, Civ. No. 13-cv-1105 YGR, slip op. at 2-3 (N.D. Cal. Dec. 10, 2013) (applying the first-to-file doctrine despite a pending motion to dismiss for lack of personal jurisdiction pending in the first-filed court).[2]  Because the first-to-file rule applies, this Court should transfer this action to Arizona.  If PI refiles its personal jurisdiction motion, that motion will be resolved in the first instance by the Arizona court.  *Id.* at 2.

### H.      Conclusion

For the reasons set out above, ON Semiconductor moves that the Court transfer this case to the District of Arizona, or, in the alternative, sever the causes of action concerning the '079 and the '457 patents and transfer those causes of action to the District of Arizona.

---

[2]      A copy of this opinion is attached as Ex. 6.

DEFENDANTS' MOTION TO TRANSFER OR TO SEVER AND TRANSFER IN THE ALTERNATIVE

1

2

Dated: December 21, 2016

**BAKER BOTTS L.L.P.**

3

By: _____/s/ Jon V. Swenson_____
       Jon V. Swenson

4

5

**ATTORNEY FOR DEFENDANTS**

6

7

ON SEMICONDUCTOR CORP. AND
SEMICONDUCTOR COMPONENTS
INDUSTRIES, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28