# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br> Plaintiff, <br> v. <br> ON SEMICONDUCTOR CORPORATION, et al., <br> Defendants. | Case No. 16-cv-06371-BLF <br><br> **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER WITHOUT PREJUDICE AND STAYING PROCEEDINGS FOR SIXTY DAYS** |

Defendants ON Semiconductor Corporation et al. ("ON") seek an order transferring this case to the District of Arizona, or, in the alternative, severing the causes of action concerning U.S. Patent Nos. 6,212,079 ("the '079 patent") and 8,115,457 ("the '457 patent") and transferring those causes of action to the District of Arizona. Mot., ECF 18. For the reasons discussed below, ON's motion is DENIED WITHOUT PREJUDICE. All further proceedings are STAYED for sixty (60) days.

## I. BACKGROUND

Relevant facts begin not here, but in Arizona. On August 11, 2016, ON filed an action for patent infringement against Plaintiff Power Integrations, Inc. ("Power Integrations") in the District of Arizona, *ON Semiconductor Corporation et al. v. Power Integrations, Inc.*, Case No. 2:16-cv-2720, alleging infringement of six patents and requesting declaratory judgment that it did not infringe three of Power Integrations' patents: the '097 patent, the '457 patent, and U.S. Patent No. 6,249,876 ("the '876 patent"). Ex. A to Opp., ECF 19-2. Nearly three months later, on November 1, 2016, Power Integrations filed the instant suit in this district, alleging infringement of its '079 and '547 patents, as well as U.S. Patent Nos. 7,239,119 ("the '119 patent"), 7,538,533 ("the '533 patent"), 6,297,623 ("the '623 patent"), and 6,414,471 ("the '471 patent"). Compl., ECF 1.

The next day, on November 2, 2016, Power Integrations filed a motion in the Arizona case to (1) dismiss for improper venue and lack of personal jurisdiction, and (2) in the alternative, transfer the case to this district. Ex. C to Opp., ECF 19-4. After ON amended its Complaint, Power Integrations filed a new motion on these same grounds. Ex. A to Opp., ECF 19-2. Briefing for this motion completed on February 13, 2017.

ON filed the instant motion on December 21, 2016. Mot., ECF 18. The Court heard argument on March 16, 2017.

## II.  DISCUSSION

### A.  First-to-File Rule

The "first-to-file" rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Thus, "[w]hen two actions involving nearly identical parties and closely related patent infringement questions are filed in separate districts, which happens with some frequency in contemporary litigation, the general rule is that the case first filed takes priority, and the subsequently filed suit should be dismissed or transferred or stayed." 14D Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Juris. § 3823 (3d ed. 2011). In patent litigation, "[t]he first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'" *Serco Services Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)).

Three factors should be considered in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991). The issues and parties in the first and second action need not be identical, but "substantially similar." *Inherent v. MartindaleHubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (quoting *Dumas v. Major League Baseball Properties Inc.*, 52 F. Supp. 2d. 1183 (S.D. Cal. 1999), *vacated on other grounds*

2

*by,* 104 F. Supp. 2d 1224 (S.D. Cal. 2000) *aff'd*, 300 F.3d 1083 (9th Cir. 2002)); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 WL 3277222, at *3 (N.D. Cal. Aug. 9, 2012) ("For purposes of the first-to-file rule, [i]n determining whether the cases involve the same issue, it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree.") (internal quotation omitted).

Here, the parties agree that the first two factors are met: the Arizona case was filed first, and the parties are identical. *Compare* Mot. at 4-5, ECF 18, *with* Opp. at 6-8, ECF 19. However, Power Integrations disputes that there is sufficient "similarity of the issues" because, of the twelve patents that have been asserted across the two cases, only two overlap. Opp. at 7-8, ECF 19. ON responds that there is nevertheless sufficient similarity because the patents and accused products all involve related technology: power conversion. Reply at 4-5, ECF 20.

The Court finds that the "similarity of the issues" factor is weak, but still favors application of the first-to-file rule. Power Integrations is correct that at least some of the issues in this case are capable of independent development. For example, Power Integrations names different accused products for the '079 and '457 patents in its Complaint than for the other four patents it asserts. *Compare* Compl. ¶¶ 13, 23, ECF 1, *with id*. ¶¶ 32, 39, 46, 54. In addition, the patents asserted by Power Integrations accuse ON's products, while the patents asserted by ON accuse Power Integrations' products. Nevertheless, ON is also correct that all twelve patents asserted here relate to or involve similar technology: power conversion. As such, they may raise overlapping issues relating to prior art, the understanding of a person of ordinary skill in the art, and relevant conduct of the parties. This overlap could be substantial, but it is too early to tell at this stage. Nevertheless, it is at least possible for judicial efficiency to be served by litigating the claims together. The first-to-file rule "serves the purpose of promoting efficiency . . . ." *Church of Scientology of Calif. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). In light of this, the Court is cautious to place too much emphasis on potential differences in issues at this early stage. Accordingly, because the Arizona case was chronologically filed first, the parties are identical, and the issues are potentially similar enough to weakly favor it, the first-to-file rule applies.

3

### B. Exceptions to the First-to-File Rule

Nevertheless, application of the first-to-file rule is discretionary, and a court may depart from it if there is "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d at 938. "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *See e.g.*, *Alltrade*, 946 F.2d at 628. Other circumstances may also warrant a rejection of the first-to-file rule, such as factors involving convenience to the parties or sound judicial administration. *See, e.g.*, *Z-Line Designs, Inc. v. Bell'O Internat'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (noting that court may refuse to apply first-to-file rule if balance of convenience weighs in favor of later-filed action).

"However, it is the court with the first-filed action that should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule." *Juniper Networks, Inc. v. Mosaid Techs. Inc.*, No. C 11-6264 PJH, 2012 WL 1029572, at *2 (N.D. Cal. Mar. 26, 2012) (citing *Alltrade*, 946 F.2d at 628). Here, because the Arizona court is the first-filed court, the Court declines to consider these factors and leaves them for the Arizona court to decide in the first instance. Such a decision is forthcoming, as these issues were fully briefed as a part of Power Integrations' motion to dismiss and that motion has been submitted to that court. Accordingly, the Court finds it appropriate to stay this action for a sixty (60) day period, and await a decision from the Arizona court.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the first-to-file rule applies in this case, and that resolution of whether any exceptions should override the rule is best determined by the Arizona court. However, because the Arizona court has yet to rule on Power Integrations' motion to dismiss, the Court determines that it would be inappropriate to dismiss or transfer this action at this time. Instead, the Court STAYS the action for sixty (60) days pending resolution of Power Integrations' motion in Arizona. The parties are directed to file a joint status report informing this Court of the status of the Arizona court's ruling within 14 days of its decision or at the conclusion of the sixty (60) day period, whichever comes first.

4

The instant motion is DENIED WITHOUT PREJUDICE. To the extent this motion is not moot after the Arizona court's decision, ON may re-notice it in accordance with Civil L.R. 7-2.

**IT IS SO ORDERED.**

Dated: March 21, 2017

_____
BETH LABSON FREEMAN
United States District Judge