**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ON SEMICONDUCTOR CORP. AND SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Defendants. | **Case No. 16-cv-06371-BLF** <br><br> **ORDER DENYING WITHOUT PREJUDICE ON SEMICONDUCTOR CORP. AND SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC'S MOTION TO STRIKE LEGACY-FAIRCHILD PRODUCTS FROM POWER INTEGRATIONS, INC.'S COUNTERCLAIM FOR INFRINGEMENT OF THE '876 PATENT** <br><br> [Re: ECF 117] |
| ON SEMICONDUCTOR CORP. AND SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> POWER INTEGRATIONS, INC., <br><br> Defendant. | Case No. 17-cv-03189-BLF |

Before the Court is ON Semiconductor Corporation and Semiconductor Components Industries, LLC's (collectively, "ON") motion to strike legacy-Fairchild products from Power Integrations, Inc.'s ("PI") counterclaim for infringement of U.S. Patent No. 6,249,876 ("the '876 patent"). Mot., ECF 117. Specifically, ON moves to strike paragraphs 15 and 17 of PI's counterclaim for infringement of the '876 patent with respect to legacy-Fairchild products. *Id.* at 1. The Court heard argument on April 27, 2018. During the hearing, the parties were directed to meet and confer and submit a joint statement on whether they reached an agreement that would obviate the need for the Court's ruling on the instant motion. The parties, however, were unable to reach an agreement. *See* Joint Statement, ECF 141. For the reasons set forth below, ON's motion to strike is DENIED without prejudice.

## I. BACKGROUND

### A. ON and Fairchild

ON acquired Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation (collectively, "Fairchild") through a transaction that was announced on November 2015 and closed on September 19, 2016. Mot. 3. As a result, currently the Fairchild entities are wholly-owned subsidiaries of ON. Hearing Tr. 15:1–3, ECF 137. In the instant motion, ON refers to "legacy-Fairchild" products. *See* Mot. 1. The Court understands that "legacy-Fairchild" products refer to those products that were developed and marketed by Fairchild prior to ON's acquisition but may have been sold in the market after the acquisition. As discussed below, PI has been engaged in several patent infringement disputes with Fairchild and ON in separate actions.

### B. The 2015 California Case

In 2009, PI filed a patent infringement action against Fairchild in this District. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., et al.*, Case No.3:09-cv-05235-MMC. Later, on October 21, 2015, PI filed another action against Fairchild. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., et al.*, Case No. 15-cv-04854-MMC (the "2015 California case"). Both cases are assigned to the Judge Maxine M. Chesney. In the 2015 California case, PI alleges that certain legacy-Fairchild products infringe its '876 patent. That case has been stayed pending the resolution of several PTO proceedings. Case No. 15-cv-04854-MMC, Dkt. 80.

### C. This Action

On August 11, 2016, ON filed a patent infringement and declaratory judgment case against PI in the District of Arizona. That case includes a declaratory judgment claim on PI's '876 patent, and was transferred to this District and reassigned to the undersigned judge as Case No. 17-cv-03189-BLF. On November 1, 2016, PI filed Case No. 16-cv-06371-BLF in this District, alleging that ON infringes six patents owned by PI. The parties agreed to consolidate the two cases, Case No. 16-cv-06371-BLF and Case No. 17-cv-03189-BLF, into one action.

Previously, the Court denied without prejudice PI's motion to dismiss ON's claim for declaratory judgment of invalidity of the '876 patent. ECF 92. Thereafter, PI filed an answer to

ON's third amended complaint and included a counterclaim alleging infringement of the '876 patent. PI's Answer to ON's Third Am. Compl., ECF 100. PI's Answer alleges the following in support of its counterclaim:

> **15.** Counterclaim-Defendants have been and are now continuing to infringe, directly and indirectly, including by inducing infringement, and contributing to the infringement of the '876 patent by others in this District and elsewhere by making, using, selling, offering to sell, and/or importing devices, including power supply controller integrated circuit devices like the NCP1070– NCP1077 ("NCP107X"), NCP1070SOTGEVB, NCP1060, NCP1063, NCP1237, NCP1238, NCP1239, NCP1288, NCP12400, NCP12510, FAN301H/U, FAN501, FAN501A, SMC0417, SMC0517MX, DNP015, FAN6602, FAN6604, FAN6605, FAN6747WL, FAN6757, FL663, and LTA805 controller chips (together "Accused Controller Chips") manufactured by Counterclaim-Defendants, which include a frequency jitter feature that is covered by one or more claims of the '876 patent including, for example claim 21, both literally and under the doctrine of equivalents, and contributing to and inducing infringement by third-parties.
>
> …
>
> **17.** By way of example, on information and belief, Counterclaim-Defendants' products including the infringing "FAN301H" products are being offered for sale and sold in the United States. . . .

*Id.* ¶¶ 15, 17.[1]

According to ON, PI's counterclaim alleges infringement of the '876 patent with respect to legacy-Fairchild products that are accused in the 2015 California case. On that basis, ON seeks to strike those products from this action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*,

---

[1] The paragraph numbers refer to those in the counterclaim section of PI's Answer to ON's Third Amended Complaint.

3

1  510 U.S. 517 (1994)) (internal quotation marks omitted). "While a Rule 12(f) motion provides the
2  means to excise improper materials from pleadings, such motions are generally disfavored because
3  the motions may be used as delaying tactics and because of the strong policy favoring resolution
4  on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d
5  1167, 1170 (N.D. Cal. 2010). The decision to strike a portion of a party's pleading is within the
6  sound discretion of the court. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).

### III. DISCUSSION

ON requests that the Court strike PI's counterclaim against legacy-Fairchild products under Rule 12(f) and the Court's inherent power. Mot. 6. ON raises several arguments in support of its request. First, according to ON, the accused legacy-Fairchild products in the 2015 California case and this action are identical. *Id.* at 7–8 (presenting a table comparing legacy-Fairchild products in the two cases). On this basis, ON argues that PI's counterclaim against legacy-Fairchild products is redundant and thus should proceed only in the 2015 California case. *Id.* Second, ON contends that PI attempts to avoid Judge Chesney's stay order by accusing legacy-Fairchild products in this case and thus those products should be stricken. *Id.* at 8. Third, ON asserts that including legacy-Fairchild products in this case will necessarily complicate this case because those products concern separate Fairchild witnesses and documents. *Id.* at 9. ON further claims that PI will be able to obtain full relief in the 2015 California case and thus this Court should strike the legacy-Fairchild products from this action. *Id.* at 9–10.

PI raises five points in opposition. Opp'n, ECF 126. Specifically, PI argues that (1) ON's motion is untimely (*id.* at 1); (2) PI's infringement allegations in the two cases do not overlap in time (*id.* at 4); (3) this case is not duplicative of the 2015 California case given ON's failure to address the "same party" requirement (*id.* at 3–4); (4) PI would be at risk of losing substantive rights if ON's request were to be granted (*id.* at 4–5); and (5) PI has not violated the stay order in the 2015 California case (*id.* at 4). The Court addresses each point below.

First, PI argues that ON's motion is untimely because ON filed the instant motion after submitting its answer to PI's counterclaim in violation of Rule 12(f)(2). Opp'n 1. However, as ON argues, Rule 12(f)(1) allows the Court to strike portions of a pleading "on its own." Fed. R.

4

Civ. P. 12(f)(1). As such, the Court will entertain the merits of ON's motion.

Second, PI asserts that the two cases do not overlap in time because "the 2015 [California case] is directed at *Fairchild*'s infringement, *before* its acquisition by ON, whereas the present claim is directed at *ON*'s infringement *after* the acquisition." Opp'n 4. The Court disagrees. As ON argues (Reply 2), PI does not point to any record in either case to support its contention. In fact, PI's complaint in the 2015 California case and PI's Answer in this case do not show that PI has sliced its claims regarding legacy-Fairchild products based on the timing of ON's acquisition of Fairchild. *See* First Am. Compl. ¶¶ 27–39, Case No. 15-cv-04854-MMC, Dkt. 30; PI's Answer to ON's Third Am. Compl. ¶¶ 8–28.[2]

Third, according to PI, ON has not shown that PI's assertion of the '876 patent in the present case is "duplicative" of the '876 patent claims in the 2015 California case given ON's failure to address the "same party" requirement. *See* Opp'n 3–4. Specifically, PI contends that the test for duplicative litigation requires examination of whether "the parties or privies to the action . . . are the same," *id.* at 3 (citing *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007)), but ON has taken the position that Fairchild is "a separate company" and that PI "cannot show that ON was in privity with Fairchild," *id.* (internal quotation marks omitted).[3] In PI's view, if the "same party" test cannot be met, "the fact that Fairchild and ON may be subject to liability for selling some of the same *products* is irrelevant." *Id.* at 3 (emphasis in original).

ON responds that it does not bring the instant motion based on the theory that the 2015 California case and the present case involve "duplicative claim[s]." *See* Reply 3–4. ON argues that a finding of "duplicative litigation" between the same parties permits a court to dismiss a claim "with prejudice." *Id.* at 3. Because ON requests the Court to strike PI's counterclaim concerning legacy-Fairchild products "without prejudice" to pursuing that claim in the 2015 California case, ON contends that it is not relying on the "duplicative claim" standard. *Id.* at 4.

The Court agrees with PI's arguments. It is well established that different entities can be

---

[2] The paragraph numbers refer to those in the counterclaim section of PI's Answer to ON's Third Amended Complaint.
[3] PI continues to assert that ON is Fairchild's successor-in-interest. Opp'n 4.

5

sued for selling the same line of products. Here, ON represents that Fairchild and ON are separate companies. Hearing Tr. 15:1–7. Thus, PI is not barred from bringing claims against ON even if ON has sold legacy-Fairchild products. Those claims may be dismissed if PI is asserting duplicative claims. *See Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir.2007), *abrogated in part by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). To determine whether a suit is duplicative, the Ninth Circuit borrows from the test for claim preclusion. *Id.* (considering whether the parties or privies to the action are the same). This Court, however, is unable to make that determination at this juncture. The reason is because ON claims that it is a separate company from Fairchild and is not in privity with Fairchild. Without a finding that PI's claim is duplicative, the Court is not compelled to strike PI's counterclaim based on the mere fact that PI accuses the same legacy-Fairchild products in this case and the 2015 California case.

To be sure, ON represents that it does not rely on the "duplicative claim" theory. Reply 4. ON believes that PI's counterclaim should be stricken based on the assumption that PI can seek full relief in the 2015 California case. *Id.* However, ON does not provide sufficient support for its assumption. It is unclear whether the company currently selling legacy-Fairchild products is Fairchild, ON, or both. Thus, for example, if ON has been the company selling legacy-Fairchild products since its acquisition of Fairchild, PI may not be able to obtain full relief including injunctive relief and damages if it were required to litigate against only Fairchild in the 2015 California case. Accordingly, ON has not shown that PI will be able to receive a complete remedy in the 2015 California case. Thus, contrary to ON's view, the Court finds that at this time it is more appropriate to allow PI's counterclaim against legacy-Fairchild products to proceed in this case. *Barnes*, 718 F. Supp. 2d at 1170 (holding that Rule 12(f) motions are disfavored due to the strong policy favoring resolution on the merits).

Fourth, PI contends that it would be at risk of losing substantive rights if its counterclaims were stricken. Opp'n 4–5. Specifically, PI points out that ON previously argued that PI's counterclaim is compulsory. *Id.* at 5. According to PI, this means that if PI's counterclaim is stricken and if "the present case reaches judgment before the 2015 [California case,] . . . PI would be precluded by *res judicata* from asserting infringement by any products omitted from the present

case." *Id.* (emphasis in original).

ON responds that it has "never taken the position that an infringement claim on the '876 patent directed at *legacy-Fairchild products* is compulsory." Reply 4 (emphasis in original). ON asserts that PI will not be prejudiced because "PI may pursue its claims against legacy-Fairchild products in the 2015 California Case." *Id.*

For the same reasons discussed for PI's third argument, ON has not established that PI will be able to obtain full relief in the 2015 California Case. There has been no determination that ON is in privity with Fairchild. It is also unclear whether Fairchild is the company selling legacy-Fairchild products after ON's acquisition. Therefore, PI's concern—that it may be precluded by *res judicata* from asserting infringement by any products omitted from this case—cannot be ignored. As such, the Court is unconvinced by ON's argument that PI will not suffer any prejudice or risk losing substantive rights if PI's counterclaim is stricken.

Fifth, PI asserts that it has not violated Judge Chesney's stay order in the 2015 California case. *Id.* at 4. The Court agrees. Judge Chesney's order provides that "[the 2015 California case] is hereby STAYED pending resolution of IPR Nos. 2016-00809 and 2016-01588 and Reexamination No. 90/008,326." Case No. 15-cv-04854-MMC, Dkt. 80. As such, the order stays only the 2015 California case and does not appear to forbid PI from bringing an action against ON, which is not a named party in the 2015 California case. The Court is also unpersuaded by ON's argument that the stay order is a factor that favors granting its request (Reply 5). ON has taken the position that it is neither the same party as Fairchild nor in privity with Fairchild. Thus, at this time, the Court finds that Judge Chesney's order, which pertains to an action between PI and Fairchild, has little relevance to PI's counterclaim against ON in this case.

Accordingly, the Court finds that ON has not provided sufficient reasons why legacy-Fairchild products should be stricken from PI's counterclaim at the expense of risking PI's entitlement to full relief based on its rights in the '876 patent.

**IV. ORDER**

For the foregoing reasons, ON's motion to strike legacy-Fairchild products from PI's

counterclaim for infringement of the '876 patent is DENIED.[4]  The Court recognizes the potential increase in judicial economy were the legacy-Fairchild products to be litigated in one action.  As such, this denial is without prejudice to ON's ability to renew its request provided that the same party issue regarding ON and Fairchild is resolved.  However, as stated during the hearing, the Court advises the parties that their interests may be best protected by reaching an agreement without resorting to this Court.

**IT IS SO ORDERED.**

Dated: June 14, 2018

_____
BETH LABSON FREEMAN
United States District Judge

---

[4] The Court does not reach the merits of the "same party" or "privity" issue regarding ON and Fairchild.  This order rules only that ON's motion must be denied at least because ON has taken the position that it is a different company from Fairchild and is not in privity with Fairchild.

8