# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ON SEMICONDUCTOR CORPORATION, et al., <br><br> Defendants. | Case No. 16-cv-06371-BLF <br><br> **ORDER GRANTING ON'S RENEWED MOTION TO STRIKE LEGACY-FAIRCHILD PRODUCTS FROM POWER INTEGRATIONS INC'S COUNTERCLAIM FOR INFRINGEMENT OF THE '876 PATENT** <br><br> [Re: ECF 167] |

Before the Court is ON Semiconductor Corporation and Semiconductor Components Industries, LLC's (collectively, "ON") Renewed Motion to Strike Legacy-Fairchild Products from Power Integrations Inc's ("PI") Counterclaim for Infringement of the '876 Patent (U.S. Patent No. 6,249,876). *See* Mot., ECF 167. On June 14, 2018, the Court denied ON's original motion to strike without prejudice. *See* Order, ECF 151. The facts and legal standards pertinent to the present motion are set forth in that order.

In its previous order, the Court denied the motion to strike because "ON claim[ed] that it was a separate company from Fairchild and [was] not in privity with Fairchild." *Id.* at 6. As such, the Court could not be sure that PI would be able to receive a complete remedy in the 2015 California Case[1] between Fairchild[2] and PI for two reasons: (1) because ON (like Fairchild) might also be selling legacy-Fairchild products (the products at issue in the 2015 California Case); and (2) because there was a potential that PI "may be precluded by *res judicata* from asserting infringement by any products omitted from this case." *Id.* at 6–7. Though the Court recognized

---
[1] Case No. 3:15-cv-04854-MMC.
[2] The corporations Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation are collectively referred to herein as "Fairchild."

United States District Court
Northern District of California

1  that judicial economy would best be served if the legacy-Fairchild products were all litigated in
2  one action (*see id.* at 8), it ultimately held that ON "ha[d] not provided sufficient reasons why
3  legacy-Fairchild products should be stricken from PI's counterclaim at the expense of risking PI's
4  entitlement to full relief based on its rights in the '876 patent." *Id.* at 7. The Court denied the
5  motion without prejudice to ON renewing it "provided that the same party issue regarding ON and
6  Fairchild is resolved."

In its renewed motion, ON argues that the same party issue is effectively resolved based on ON's "binding representations that . . . ON could and should be added as a defendant to the 2015 California Case, and [that] ON is subject to mandatory joinder." Mot. at 2. According to ON, "ON has already committed before Judge Chesney that it will not oppose ON's joinder in the 2015 California Case, and ON makes the same representation to this Court." *Id.* Ultimately, ON submits that "ON's joinder will resolve . . . the same party and *res judicata* issue." *Id.* PI opposes ON's motion, nit-picking ON's representations regarding its willingness to submit these claims in the 2015 California Case and suggesting that this case is the best vehicle for resolution of its claims of infringement of the '876 patent against the Fairchild-legacy products. *See generally* Opp., ECF 174.

The Court rejects PI's arguments. It is abundantly clear that this case is already suffering under the weight of 15 asserted patents. That looming unmanageability alone is enough to refer these claims to the 2015 California Case, where identical claims have been pending against Fairchild for far longer than the claims against ON in this case. And whether these claims are stricken or not, in no scenario does it appear to serve judicial economy or fairness to have the '876 claims from the 2015 California Case transferred to this Court.

Based on ON's binding representations as set forth in the declaration of Robert Tuttle, ON's Vice President and Chief IP Counsel, that ON will not oppose joinder in the 2015 California Case (ECF 167-5),[3] and ON's representation to Judge Chesney regarding joinder (ECF 167-3 at

---

[3] The Court does not consider any evidence included in Tuttle's declaration, but instead refers to it only for its sworn statement of ON's intent to be bound by its representations that it will not raise an argument that the proper entities in the ON corporate family are not named as defendants in the 2015 California Case. *See* Tuttle Decl. ¶ 5. As such, PI's objection to ON's submission of

2

5), the Court is satisfied that PI's rights are best preserved and judicial efficiency is best achieved by striking the Legacy-Fairchild products from PI's counterclaim and having those claims refiled against ON in the 2015 California Case. This result also comports with the policy allowing for cases to be related. *See* Civ. L.R. 3-12. Though Judge Chesney properly deemed the 2015 California Case unrelated to the current case (2015 California Case, ECF 77), this counterclaim (filed after that decision) involves the same products, the same patent, and related (though distinct) entities. It thus makes perfect sense then that these claims would be adjudicated in the 2015 California Case.

Having found that the same party issue regarding ON and Fairchild is effectively resolved—the only issue precluding this Court from granting the previous motion to strike—this Court GRANTS ON's renewed motion to strike. This order is without prejudice to PI reasserting its counterclaims if Judge Chesney determines that ON cannot properly be joined to the 2015 California Case. In the event that Judge Chesney denies any motion or stipulation of joinder, PI shall have 21 days from the date of that order to refile its Answer reasserting its counterclaims against ON only.

**IT IS SO ORDERED.**

Dated: October 10, 2018

_____
BETH LABSON FREEMAN
United States District Judge

---

external evidence in support of its motion is unfounded. *See* Opp. at 4.