Frank E. Scherkenbach (CA #142549)
scherkenbach@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, Massachusetts 02210-1878
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack (CA #162897)
pollack@fr.com
Michael R. Headley (CA #220834)
headley@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE DIVISION)

| | |
|---|---|
| Power Integrations, Inc., | Case No. 5:16-cv-06371-BLF |
| Plaintiff, | **POWER INTEGRATIONS' MOTION TO COMPEL A KNOWLEDGEABLE 30(b)(6) WITNESS AND LEGIBLE SCHEMATICS** |
| v. | |
| ON Semiconductor Corp. and Semiconductor Components Industries, LLC, | |
| Defendants. | |
| ON Semiconductor Corporation; and Semiconductor Components Industries, LLC, | Case No. 3:17-cv-03189 BLF |
| Plaintiffs, | Date: Tuesday, June 4, 2019 Time: 10:00 a.m. |
| v. | Judge: Hon. Virginia K. DeMarchi Courtroom: 2, 5th Floor |
| Power Integrations, Inc., | |
| Defendant. | |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1

**TABLE OF CONTENTS**

2    NOTICE OF MOTION ................................................................................................ 1

3    MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 2

4    I.    INTRODUCTION ........................................................................................... 2

5    II.   BACKGROUND .............................................................................................. 3

6    III.  ARGUMENT .................................................................................................... 8

7          A.    ON Should Be Compelled to Produce Legible Schematics for the
                 Accused Products That the Substitute Witness Will Be Able to
8                Read ...................................................................................................... 8

9          B.    ON Should Be Compelled to Produce a Witness Who Knows
                 Answers to Questions about the Circuit Schematics for the
10               Accused Products ............................................................................. 12

11         C.    ON Should Be Compelled to Produce a Witness Who Knows
                 Answers to Questions about Customer Communications and
12               Design-Ins of the Accused Products ................................................ 17

13   IV.   CONCLUSION .............................................................................................. 24

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
  No. 06-715 SC, 2009 WL 3809815 (N.D. Cal. Nov. 10, 2009)..........................................14, 16

*Guifu Li v. A Perfect Day Franchise, Inc.*,
  No. 10-CV-01189-LHK, 2011 WL 3895118 (N.D. Cal. Aug. 29, 2011) ................................22

*Lee v. Asplundh Tree Expert Co.*,
  No. C17-719-MJP, 2017 WL 6731978 (W.D. Wash. Dec. 29, 2017) ......................................12

*Oculu, LLC v. Oculus VR, Inc.*,
  No. SACV 14-0196-DOC, 2015 WL 12732897 (C.D. Cal. Mar. 3, 2015) ..............................12

*UniRAM Tech., Inc. v. Monolithic Sys. Tech., Inc.*,
  No. C 04-01268 VRW (MEJ), 2007 WL 915225 (N.D. Cal. Mar. 23, 2007) ..........................17

**Other Authorities**

Civ. L.R. 37-3 .................................................................................................................................1, 4

Fed. R. Civ. P. 34(b)(2)(E)(i)...........................................................................................................10

Fed. R. Civ. P. 30(b)(6)....................................................................................................................17

1

**NOTICE OF MOTION**

2

TO THE COURT AND ALL COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE that Plaintiff Power Integrations, Inc. ("Power Integrations")

4   hereby moves the Court to compel Defendants in this case, ON Semiconductor Corp. and

5   Semiconductor Components Industries, LLC (collectively, "ON") to produce a knowledgeable

6   witness to provide testimony regarding topics numbers 2, 4, and 12-17 under Rule 30(b)(6) and to

7   produce high-resolution schematics for all accused products that Power Integrations now knows

8   are in ON's possession.  This motion is noticed for hearing on Tuesday, June 4, 2019, at 10:00

9   a.m., or as soon as the matter may be heard before United States Magistrate Judge Virginia K.

10   DeMarchi, in Courtroom 2, 5th Floor, 280 South 1st Street, San Jose, CA 95113.

11      ON designated a 30(b)(6) witness—Ajay Hari—to testify on behalf of ON for several

12   topics that Mr. Hari had limited or no knowledge about and had not attempted to obtain

13   information about as required.  Furthermore, Mr. Hari was not prepared to answer questions about

14   the accused products' schematics prior to the deposition, but his deposition did lead to the

15   discovery that ON maintains much better copies of its schematics for the accused products in this

16   case, which ON's counsel has refused to produce.  Counsel for Power Integrations has met and

17   conferred with counsel for ON in good faith to resolve this dispute, but ON maintains its position.[1]

18      This motion is based upon this notice and motion, the accompanying points and

19   authorities, declaration, and exhibits in support hereof, any reply papers which may be filed, and

20   such other matters as may be brought before the Court prior to or at the hearing on this motion.[2]

21

22   [1] The parties have two parallel District Court cases that are largely on the same track, with
23        overlapping witnesses, issues, and accused products.  In their Delaware litigation, 17-247-LPS,
          for which the parties are sharing discovery and depositions with this case, the same issues
24        were joined and are the subject of a discovery motion pending before Judge Stark.  Power
          Integrations raises the issues in this Court as well given the overlapping evidence and
25        relevance to this matter and the discovery requests served in this case.
     [2] Power Integrations brings this timely motion to compel under Civil L.R. 37-3 within 7 days of
26        the close of fact discovery.  Power Integrations will also be filing a Discovery Letter Brief
          pursuant to the Court's Standing Order on discovery.  However, because the Standing Order
27        also states that the Discovery Letter Brief will not extend the deadline to file a motion to
          compel, Power Integrations is filing the motion to compel now.  As noted above, Power
28        Integrations has also filed a discovery dispute letter regarding the same issues in the parties'
          Delaware case.

1

PI MOTION TO COMPEL KNOWLEDGEABLE
30(b)(6) WITNESS AND LEGIBLE SCHEMATICS
Case Nos. 5:16-cv-06379-BLF; 3:17-cv-03189 BLF

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Power Integrations moves to compel the deposition of a substitute witness for topics 2, 4, and 12-17 of its 30(b)(6) deposition notice and the production of higher resolution and legible schematics, which are known to be within ON's custody and control, but which ON has refused to produce. ON designated Application Director Ajay Hari as its corporate representative for those topics, but he was unprepared and unknowledgeable on those topics – having never worked with the accused products and having not prepared for the deposition. Additionally, Mr. Hari found the schematics produced by ON to be illegible. During Mr. Hari's deposition, after he was unable to read the schematics even on large format 11" x 17" printouts, ON's in-house counsel was able to generate new higher resolution schematics for a single accused product during the deposition. ON has now refused to produce additional higher resolution schematics and has refused to produce a 30(b)(6) witness that is knowledgeable and/or prepared on topics related to the accused products.

First, ON should be compelled to produce the higher resolution versions of its schematics for the accused products. These schematics are within ON's custody and control and, as shown by ON's ability to produce one set of them during Mr. Hari's deposition, it can do so relatively easily.

Putting aside the issue of the legibility of the schematics, Mr. Hari had never seen the schematics for any of the accused products (except for a single page for one accused product) prior to his deposition, he does not oversee or otherwise work with the accused products, and, thus, he was not able to answer technical questions about the schematics. Mr. Hari works with different products not accused in this case; thus Mr. Hari had no direct knowledge of the customers for the accused products or communications with those customers, and he did nothing to prepare for these topics prior to his 30(b)(6) deposition on those topics.

For those reasons, ON should be compelled to produce a knowledgeable witness on topics 2 and 4, related to circuity of the accused products. Mr. Hari failed to review schematics of the accused products in preparation for the deposition and was unable to answer questions about the schematics, even after undertaking multiple 10-20 minute breaks for studying. Ultimately, Mr.

1  Hari was unable to confirm circuit operation, partly because he could not read the illegible

2  schematics and partly because he had no knowledge of them.

3       Finally, ON should be compelled to produce a knowledgeable witness on topics 12-17,

4  related to customer communications and design-ins of the accused products.  Mr. Hari repeatedly

5  testified that he did not know answers to questions seeking information about customer

6  communications and design-ins of the accused products.  Indeed, Mr. Hari could not testify from

7  his own knowledge about any specific customers for the accused products, did not know of a

8  single design-in for any of the accused products, did not know of any communications with any

9  customers about the accused products, and continuously referred to other more knowledgeable

10  individuals that should be asked instead.  Despite this complete lack of knowledge, and the fact he

11  had never worked with the accused products, ON designated Mr. Hari on these topics and has

12  refused to produce a substitute witness.

13       Therefore, Power Integrations requests that the Court compel ON to produce (1) the higher

14  resolution versions of the schematics for all accused products in the form ON produced for the

15  NCP1246 product during the second day of Mr. Hari's deposition, (2) a knowledgeable witness on

16  the topics related to circuitry of the accused products, and (3) a knowledgeable witness on the

17  topics related to customer communications and design-ins of the accused products.

18  **II.     BACKGROUND**

19       Power Integrations served its notice of deposition pursuant to Federal Rule of Civil

20  Procedure 30(b)(6) on March 5, 2019, identifying 53 topics seeking testimony that largely tracked

21  its prior 30(b)(6) notice to ON in the parties' co-pending Delaware litigation, following the

22  resolution of a prior dispute regarding the appropriate scope of discovery between the parties that

23  Judge Stark issued on March 4, 2019.  On March 11, 2019, ON responded to Power Integrations'

24  deposition notice by designating Mr. Hari as corporate representative for topics 12-17, 27, 31-33,

25  44, 45, 47 in their entirety and topics 2 and 4-11 for all accused products except the NCP105x.[3]

26  (Ex. 1 (2019-03-11 ON Responses to Power Integrations' 30(b)(6) Notice).)

27  

---

28  [3] Power Integrations accused ON of infringing Power Integrations' '079 patent, '119 patent, '471
patent, and '876 patent.  Per Power Integrations' operative infringement contentions, the products

3           PI MOTION TO COMPEL KNOWLEDGEABLE
30(b)(6) WITNESS AND LEGIBLE SCHEMATICS
Case Nos. 5:16-cv-06379-BLF; 3:17-cv-03189 BLF

1    In view of the number of topics for which Mr. Hari was designated as a 30(b)(6) witness in

2  both of the parties' co-pending cases in Delaware and here in California, the deposition of Mr.

3  Hari occurred over two days, from March 28 to March 29, 2019.  The close of fact discovery

4  ended on April 17, 2019.  Dkt. No. 207 at 4.  Power Integrations sought to resolve these discovery

5  disputes with ON without intervention from the Court.  However, on April 11, 2019, counsel for

6  ON rejected Power Integrations' request (Ex. 2 (2019-04-11 Email fr Fulghum to Warren Re ON

7  Schematics)), and J. Stark set a schedule for resolving parallel disputes in the parties' Delaware

8  case with a hearing set for April 26.  Therefore, Power Integrations brings this timely motion to

9  compel under Civil L.R. 37-3 within 7 days of the close of fact discovery.  Pursuant to Civil L.R.

10  37-2, topics 2, 4, and 12-17, along with ON's responses and objections, are reproduced below:

11  **TOPIC NO. 2:**
    The structure, function, and operation of the circuits of the Accused ON Products.
12

13  **RESPONSE:**
    ON objects to this topic to the extent it seeks privileged information protected by
14  the attorney-client privilege, work product doctrine, and/or any other applicable
    privilege or protection.  ON objects to this topic as vague, ambiguous, overly
15  broad, and unduly burdensome at least in its use of the phrase "Accused ON
    Products."  ON objects to this topic to the extent it calls for a legal conclusion or
16  seeks information that calls for a legal conclusion.  ON objects to this topic to the
    extent it prematurely calls for expert opinion or discovery, and is premature in
17  light of the sequenced disclosures and exchanges called for by the Court's
    Scheduling Order and the Local Rules.  ON objects to this topic to the extent that
18  it is duplicative in many respects of Topics 4, 5, and 10, and it is unclear how the
    scope or non-objectionable scope is different.  ON objects to this topic to the
19  extent it seeks information not within ON's possession, custody, or control.  ON
    objects to this topic to the extent that it seeks information that is already in Power
20  Integration's possession, is publicly available, or is as easily obtained by Power
    Integrations as ON.  Subject to its general and specific objections, and after a
21  reasonable search, ON responds as follows:
22
    ON designates Jeff Hall as to products in ON's NCP105x family of products that
23  are accused of infringement, and ON designates Ajay Hari as to the remaining ON
    products accused of infringement.
24

25  _____

26  accused of infringing the '079 patent are represented by the NCP107x, NCP106x, NCP112x,
    NCP1246, and NCP1234.  Ex. 5 ('079 Patent Claim Chart).  The products accused of infringing
27  the '119 patent are represented by the NCP1249.  Ex. 6 ('119 Patent Claim Chart).  The products
    accused of infringing the '471 patent are represented by the NCP105x.  Ex. 7 ('471 Patent Claim
28  Chart).  The products accused of infringing the '876 patent are represented by the NCP107x and
    NCP1234.  Ex. 8 ('876 Patent Claim Chart).

**TOPIC NO. 4:**
The interpretation and explanation of ON's technical documents describing the circuits or circuit design of the Accused ON Products.

**RESPONSE:**
ON objects to this topic to the extent it seeks privileged information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection. ON objects to this topic as vague, ambiguous, overly broad, and unduly burdensome at least in its use of the phrase "Accused ON Products." ON objects to this topic to the extent it calls for a legal conclusion or seeks information that calls for a legal conclusion. ON objects to this topic to the extent it prematurely calls for expert opinion or discovery, and is premature in light of the sequenced disclosures and exchanges called for by the Court's Scheduling Order and the Local Rules. ON objects to this topic to the extent that it is duplicative in many respects of Topics 2, 5, and 10, and it is unclear how the scope or non-objectionable scope is different. ON objects to this topic to the extent it seeks information not within ON's possession, custody, or control. ON objects to this topic to the extent that it seeks information that is already in Power Integration's possession, is publicly available, or is as easily obtained by Power Integrations as ON. Subject to its general and specific objections, and after a reasonable search, ON responds as follows:

ON designates Jeff Hall as to products in ON's NCP105x family of products that are accused of infringement, and ON designates Ajay Hari as to the remaining ON products accused of infringement.

**TOPIC NO. 12:**
The features that ON's customers or potential customers prefer, or have requested, be incorporated or designed into the Accused ON Products.

**RESPONSE:**
ON objects to this topic to the extent it seeks privileged information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection. ON objects to this topic as vague, ambiguous, overly broad, and unduly burdensome at least in its use of the phrase "Accused ON Products." ON objects to this topic to the extent it calls for a legal conclusion or seeks information that calls for a legal conclusion. ON objects to this topic to the extent it prematurely calls for expert opinion or discovery, and is premature in light of the sequenced disclosures and exchanges called for by the Court's Scheduling Order and the Local Rules. ON objects to this topic to the extent it seeks information not within ON's possession, custody, or control. ON objects to this topic to the extent that it seeks information that is already in Power Integration's possession, is publicly available, or is as easily obtained by Power Integrations as ON. Subject to its general and specific objections, and after a reasonable search, ON responds as follows:

ON designates Ajay Hari.

**TOPIC NO. 13:**

Communications with any third parties related to the Accused Infringing Features or any functionally equivalent features in PI's products, including the identity of those third parties, documents that refer to, relate to, or corroborate those communications, and the facts and circumstances relating to those communications.

**RESPONSE:**

ON objects to this topic to the extent it seeks privileged information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection.  ON objects to this topic as vague, ambiguous, overly broad, and unduly burdensome at least in its use of the phrase "Accused Infringing Features."  ON objects to this topic to the extent it calls for a legal conclusion or seeks information that calls for a legal conclusion.  To the extent this topic could be read to seek information on "all" described communications or "all" facts and circumstances relating to those communications, ON objects to such a topic as unduly burdensome.  ON objects to this topic to the extent it seeks information not within ON's possession, custody, or control.  ON objects to this topic to the extent that it seeks information that is already in Power Integration's possession, is publicly available, or is as easily obtained by Power Integrations as ON.  Subject to its general and specific objections, and after a reasonable search, ON responds as follows:

ON designates Ajay Hari.

**TOPIC NO. 14:**

ON's internal efforts and work with customers to incorporate any Accused ON Product into any Downstream Product, including work to design-in, qualify, or otherwise sell the Accused ON Products or Downstream Products containing the Accused ON Products.

**RESPONSE:**

ON objects to this topic to the extent it seeks privileged information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection.  ON objects to this topic as vague, ambiguous, overly broad, and unduly burdensome at least in its use of the phrases "Downstream Product" (which is not defined) and "Accused ON Products."  ON objects to this topic to the extent it calls for a legal conclusion or seeks information that calls for a legal conclusion.  ON objects to this topic to the extent it prematurely calls for expert opinion or discovery, and is premature in light of the sequenced disclosures and exchanges called for by the Court's Scheduling Order and the Local Rules.  ON objects to this topic to the extent that it is duplicative in many respects of Topic 17, and it is unclear how the scope or non-objectionable scope is different.  ON objects to this topic to the extent it seeks information not within ON's possession, custody, or control.  ON objects to this topic to the extent that it seeks information that is already in Power Integration's possession, is publicly available, or is as easily obtained by Power Integrations as ON.  Subject to its

6

PI MOTION TO COMPEL KNOWLEDGEABLE
30(b)(6) WITNESS AND LEGIBLE SCHEMATICS
Case Nos. 5:16-cv-06379-BLF; 3:17-cv-03189 BLF

general and specific objections, and after a reasonable search, ON responds as follows:

ON designates Ajay Hari.

**TOPIC NO. 15:**
ON's internal efforts and work with customers to design or qualify any Downstream Product using any Accused ON Product to meet or conform to any U.S. regulatory standards, including Federal Communications Commission ("FCC"), Energy Star, California Energy Commission ("CEC"), or Underwriters' Laboratories ("UL") standards.

**RESPONSE:**
ON objects to this topic to the extent it seeks privileged information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection.  ON objects to this topic as vague, ambiguous, overly broad, and unduly burdensome at least in its use of the phrases "Downstream Product" (which is not defined) and "Accused ON Products."  ON objects to this topic to the extent it calls for a legal conclusion or seeks information that calls for a legal conclusion.  ON objects to this topic to the extent it prematurely calls for expert opinion or discovery, and is premature in light of the sequenced disclosures and exchanges called for by the Court's Scheduling Order and the Local Rules.  ON objects to this topic to the extent it is duplicative in many respects of Topic 16, and it is unclear how the scope or non-objectionable scope is different.  ON objects to this topic to the extent it seeks information not within ON's possession, custody, or control.  ON objects to this topic to the extent that it seeks information that is already in Power Integration's possession, is publicly available, or is as easily obtained by Power Integrations as ON.  Subject to its general and specific objections, and after a reasonable search, ON responds as follows:

ON designates Ajay Hari.

**TOPIC NO. 16:**
The preparation, content, interpretation, and distribution of promotional materials used in marketing the Accused ON Products.

**RESPONSE:**
ON objects to this topic to the extent it seeks privileged information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection.  ON objects to this topic as vague, ambiguous, overly broad, and unduly burdensome at least in its use of the phrase "Accused ON Products."  ON objects to this topic to the extent it calls for a legal conclusion or seeks information that calls for a legal conclusion.  ON objects to this topic to the extent it seeks information not within ON's possession, custody, or control.  ON objects to this topic to the extent that it seeks information that is already in Power Integration's possession, is publicly available, or is as easily obtained by Power

Integrations as ON. Subject to its general and specific objections, and after a reasonable search, ON responds as follows:

ON designates Ajay Hari.

**TOPIC NO. 17:**
The existence, development, manufacturing, testing, and distribution of any reference design(s), demonstration board(s), or evaluation board(s) that incorporate any of the Accused ON Products.

**RESPONSE:**
ON objects to this topic to the extent it seeks privileged information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection.  ON objects to this topic as vague, ambiguous, overly broad, and unduly burdensome at least in its use of the phrase "Accused ON Products."  ON objects to this topic to the extent it calls for a legal conclusion or seeks information that calls for a legal conclusion.  ON objects to this topic to the extent it prematurely calls for expert opinion or discovery, and is premature in light of the sequenced disclosures and exchanges called for by the Court's Scheduling Order and the Local Rules.  ON objects to this topic to the extent it seeks information not within ON's possession, custody, or control.  ON objects to this topic to the extent that it seeks information that is already in Power Integration's possession, is publicly available, or is as easily obtained by Power Integrations as ON.  Subject to its general and specific objections, and after a reasonable search, ON responds as follows:

ON designates Ajay Hari.

(Ex. 1 (2019-03-11 ON Responses to Power Integrations' 30(b)(6) Notice).)

## III. ARGUMENT

### A. ON Should Be Compelled to Produce Legible Schematics for the Accused Products That the Substitute Witness Will Be Able to Read

ON has the ability to quickly and easily produce legible, high-resolution schematics for the accused products because, in the middle of Mr. Hari's deposition, ON produced a high-resolution version of the NCP1246 schematics.  ON did this because Mr. Hari, ON's own witness, could not read the schematics in the resolution produced by ON.  Indeed, ON's own counsel stated on the record that the schematic exhibits printed in the resolution that ON produced them were

████████████████████  (Ex. 3 (2019-03-28 Hari Dep. Tr.) at 181:17-19.)  Mr. Hari then answered

that ████████████████████████  (*Id.* at 182:11-13.)  Even after larger, ledger-sized

8

PI MOTION TO COMPEL KNOWLEDGEABLE
30(b)(6) WITNESS AND LEGIBLE SCHEMATICS
Case Nos. 5:16-cv-06379-BLF; 3:17-cv-03189 BLF

1  printouts of the same schematics were created, Mr. Hari still could not read signal names to

2  explain circuit functionality:



3

4

5

6

7

8

9

10

11

12

13  (Ex. 3 (2019-03-28 Hari Dep. Tr.) at 277:7-23.)  Mr. Hari confirmed that the larger, ledger-sized

14  printouts were just as difficult to read:

15

16                              ON's counsel also viewed PDFs of the schematics on a

17  computer, which permit digital zooming to at least 10x magnification, and did not dispute the

    illegibility of the schematics.  (*Id.* at 279:2-25.)

18

19         Power Integrations had never seen any high-resolution ON schematics before Mr. Hari's

20  deposition, so Power Integrations did not know that it was so easy to provide them.  As shown

    below, the difference in legibility using a high-resolution schematic is undeniable:

21

22

23

24

25

26

27

28



ON's counsel represented that the schematics are kept as high-resolution versions in "the ordinary course of business," so it is unclear why ON did not produce them that way initially.  (Ex. 2 (2019-04-11 Email fr Fulghum to Warren Re ON Schematics).)  Power Integrations requested on the record that high-resolution versions of the schematics for all accused products be produced this way, but ON has since refused to provide similar schematics for the other accused products.  (Ex. 4 (2019-03-29 Hari Dep. Tr.) at 369:14-371:21.)  ON should produce these high-resolution schematics because the high-resolution schematics, not the low-resolution schematics, are how the schematics "are kept in the usual course of business."  Fed. R. Civ. P. 34(b)(2)(E)(i).

Below is a list of accused products and schematics that have illegible pages:[4]

_____

[4] Some of the accused products are repeated in the table because ON reproduced new versions of schematics of some products after Power Integrations objected to the original production in its infringement contentions.  However, after Mr. Hari's deposition, it is clear that even the re-

| Accused Product | Bates Number |
|---|---|
| NCP1250 | ONSemi_2016CA-0016526 |
| NCP1251 | ONSemi_2016CA-0016593 |
| NCP1253 | ONSemi_2016CA-0016660 |
| NCP107X | ONSemi_2016CA-0017483 |
| NCP112X | ONSemi_2016CA-0017541 |
| NCP1236 | ONSemi_2016CA-0017640 |
| NCP1237 | ONSemi_2016CA-0017742 |
| NCP1239 | ONSemi_2016CA-0017876 |
| NCP1240 | ONSemi_2016CA-0018065 |
| NCP1244 | ONSemi_2016CA-0018227 |
| NCP1246 | ONSemi_2016CA-0018385 |
| NCP1247 | ONSemi_2016CA-0018540 |
| NCP1249 | ONSemi_2016CA-0018699 |
| NCP12510 | ONSemi_2016CA-0018798 |
| NCP1254 | ONSemi_2016CA-0018880 |
| NCP1255 | ONSemi_2016CA-0018979 |
| NCP1256 | ONSemi_2016CA-0019078 |
| NCP1248 | ONSemi_2016CA-0019808 |
| NCP1288 | ONSemi_2016CA-0019232 |
| NCP1288 | ONSemi_2016CA-0019361 |
| NCP1234 | ONSemi_2016CA-0020123 |
| NCP12400 | ONSemi_2016CA-0058502 |
| NCP1237 | ONSemi_2016CA-0048959 |
| NCP1239 | ONSemi_2016CA-0049088 |
| NCP1240 | ONSemi_2016CA-0049277 |
| NCP1244 | ONSemi_2016CA-0049439 |
| NCP1246 | ONSemi_2016CA-0049597 |
| NCP1247 | ONSemi_2016CA-0049752 |
| NCP1255 | ONSemi_2016CA-0049911 |
| NCP1288 | ONSemi_2016CA-0050010 |
| NCP1288 | ONSemi_2016CA-0050139 |

ON should be compelled to produce high-resolution schematics for at least each of the accused products in the table above because there is no reasonable basis to withhold production. ON's counsel and ON's own witness complained about the legibility of schematic exhibits during the

produced schematics used in the deposition were no match for the high-resolution schematics at ON's fingertips. Although ON already produced a high-resolution schematic for the NCP1246 at Mr. Hari's deposition, it is included in the table for completeness.

PI MOTION TO COMPEL KNOWLEDGEABLE
30(b)(6) WITNESS AND LEGIBLE SCHEMATICS
Case Nos. 5:16-cv-06379-BLF; 3:17-cv-03189 BLF

deposition, which prompted ON to quickly provide the high-resolution schematics for the NCP1246. Power Integrations would not want these complaints to resurface in a substitute deposition, so producing high-resolution schematics would eliminate legibility issues for a substitute witness. In any event, producing legible documents is not optional; it is required by the Federal Rules. *See Lee v. Asplundh Tree Expert Co.*, No. C17-719-MJP, 2017 WL 6731978, at *1 (W.D. Wash. Dec. 29, 2017) (noting plaintiff's failure to comply with Federal Rule of Civil Procedure 34 and requiring reproduction of illegible low-resolution photographs of official forms); *see also Oculu, LLC v. Oculus VR, Inc.*, No. SACV 14-0196-DOC (JPRx), 2015 WL 12732897, at *2 (C.D. Cal. Mar. 3, 2015) ("Plaintiff must immediately produce to Defendant hard-copy printouts of any charts or other portions of the production identified in the original motion to compel as not being legible.").

Power Integrations respectfully requests this Court to compel ON to produce high-resolution schematics for the accused products in the same form as ON produced the NCP1246 schematics on the second day of Mr. Hari's deposition.

### B. ON Should Be Compelled to Produce a Witness Who Knows Answers to Questions about the Circuit Schematics for the Accused Products

ON should be compelled to produce a substitute witness who can answer questions about the operation of the accused products' circuitry and explain the accused products' schematics. From the deposition, it is clear that Mr. Hari is not that person.

First, Mr. Hari did not have any baseline knowledge of the accused products because the accused products are not in Mr. Hari's group:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





(Ex. 3 (2019-03-28 Hari Dep. Tr.) at 112:9-115:1.)  Without the baseline knowledge, a designated

30(b)(6) corporate witness is expected to prepare ***prior to the deposition*** to become

knowledgeable on the designated topics.  *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-715

SC, 2009 WL 3809815, at *3 (N.D. Cal. Nov. 10, 2009) ("Because an individual so designated is

speaking for the corporation, and not as an individual, this procedure imposes a significant duty

upon the organization to educate the deponent ***prior to the deposition***." (emphasis added)).

Second, ON did not prepare Mr. Hari with the corporation's knowledge on Topics 2 and 4

prior to his deposition.  Mr. Hari admitted that he did not look at any of the schematics in

preparation for his deposition, except "glancing" at the NCP1246:



(Ex. 3 (2019-03-28 Hari Dep. Tr.) at 20:16-19.)  Despite Mr. Hari's counsel improperly coaching

the witness and declaring that he had reviewed the schematics before (*id*. at 211:18-212:7), Mr.

Hari confirmed that he had not looked at any other schematics besides the NCP1246:



(*Id.* at 174:3-5.)

(*Id.* at 214:2-7.)

(*Id*. at 256:9-12.)  If Mr. Hari had had some baseline experience with the accused products' schematics prior to his deposition, perhaps he could have knowledgeably answered questions without reviewing the schematics.  However, as stated above, none of the accused products is even in Mr. Hari's group.

Third, because of Mr. Hari's lack of baseline knowledge and his unpreparedness, he was unable to answer many questions, even after long periods of study:

(*Id*. at 187:20-24.)

(*Id*. at 190:6-11.)

(*Id*. at 193:10-19.)

(*Id.* at 208:6-14.)

(*Id.* at 209:12-14.)

(*Id.* at 246:17-20.)

(Ex. 4 (2019-03-29 Hari Dep. Tr.) at 367:3-20.)  The deposition is not a study period.  *See Beauperthuy*, 2009 WL 3809815, at *3.  Mr. Hari was not educated prior to the deposition; he did not even look at the schematics for all but one accused product.  And even the long periods of

16

1   delay and intermittent breaks were insufficient to allow Mr. Hari to answer important questions.

2   Power Integrations has been unfairly prejudiced by ON's failure to designate the appropriate

3   witness.

4          Power Integrations respectfully requests this Court to compel ON to produce a

5   knowledgeable witness that is prepared to answer questions related to Topics 2 and 4 in Power

6   Integrations' 30(b)(6) deposition notice prior to the deposition.

7          **C.     ON Should Be Compelled to Produce a Witness Who Knows Answers to
                     Questions about Customer Communications and Design-Ins of the Accused

8                    Products**

9          ON should also be compelled to produce a substitute witness who can answer questions

10  about customer communications and design-ins of the accused products.  Under Federal Rule of

11  Civil Procedure 30(b)(6), "[t]he persons designated must testify about information known or

12  reasonably available to the organization."  This section was added to the rules to "curb the

13  'bandying' by which officers or managing agents of a corporation are deposed in turn but each

14  disclaims knowledge of facts that are clearly known to persons in the organization and thereby to

15  it." Fed. R. Civ. P. 30(b)(6) advisory committee's notes.  "The 30(b)(6) notice establishes the

16  minimum about which the witness must be prepared to testify, not the maximum." *UniRAM*

17  *Tech., Inc. v. Monolithic Sys. Tech., Inc.*, No. C 04-01268 VRW (MEJ), 2007 WL 915225, at *2

18  (N.D. Cal. Mar. 23, 2007).  Mr. Hari's persistent "I don't know" answers make clear that ON has

19  violated the Rules.

20         First, as noted in Section B, Mr. Hari has no baseline knowledge about the customer

21  communications and design-ins of the accused products because those products are not in his

22  group.  *See supra* Section B; Ex. 3 (2019-03-28 Hari Dep. Tr.) at 112:9-115:1.

23         Second, ON did not even attempt to prepare Mr. Hari with corporate knowledge about

24  customer communications or design-ins for the accused products:



(Ex. 3 (2019-03-28 Hari Dep. Tr.) at 73:9-20.)

(*Id.* at 20:20-25.)

Third, Mr. Hari's lack of personal knowledge and lack of preparedness with respect to the accused products meant that he could not know, one way or the other, if ON had designed the accused products into a customer power supply solution:

(*Id.* at 287:24-288:6.)

(*Id.* at 136:8-11.)

(*Id.* at 139:23-25.)

(*Id.* at 143:14-17.)

(*Id.* at 156:5-7.)

(*Id.* at 219:22-220:5.)

(Ex. 4 (2019-03-29 Hari Dep. Tr.) at 359:25-360:2.)

(*Id.* at 436:6-11.)

(Ex. 3 (2019-03-28 Hari Dep. Tr.) at 261:8-14.)

Even when Mr. Hari's memory was refreshed with documents identifying the designed-in accused product and customer name, he could not confirm the information:



(Ex. 4 (2018-03-29 Hari Dep. Tr.) at 431:5-18.)



(*Id.* at 405:2-9.)



(Ex. 3 (2019-03-28 Hari Dep. Tr.) at 122:16-25.)



20



(*Id*. at 106:14-107:3.)

(*Id*. at 109:18-22.)

(*Id*. at 120:11-20.)

(*Id*. at 121:12-16.)

When Mr. Hari was asked whether he had ***any*** knowledge of ***any*** examples of when ON

worked to design in the accused products with an ODM customer, Mr. Hari repeatedly answered

"No."  (Ex. 3 (2018-03-28 Hari Dep. Tr.) at 82:24-84:23.)

, so Mr. Hari's

lack of knowledge is a failure in ON's discovery obligations to import what ON knows as a

corporation to Mr. Hari.  "[T]he corporation must not only produce such number of persons as will

satisfy the request, but more importantly, prepare them so that they may give complete,

knowledgeable and binding answers on behalf of the corporation." *Guifu Li v. A Perfect Day*

*Franchise, Inc.*, No. 10-CV-01189-LHK, 2011 WL 3895118, at *2 (N.D. Cal. Aug. 29, 2011)

(internal quotes omitted).  If Mr. Hari does not know or did not ask someone who does know, ON

is required to substitute the witness with someone who does know.  *See id.* ("Even if it becomes

clear that a designee is not able to testify as to the noticed topics, the corporation has a duty to

substitute another person to correct the deficiency." (internal quotes omitted)).

Fourth, it is clear that Ryan Zahn or someone in sales and marketing, not Mr. Hari, is more

knowledgeable about customer communications and design-ins of the accused products because

Mr. Hari had to consistently defer to Ryan Zahn or someone in sales and marketing when faced

with questions on those topics:





(Ex. 3 (2019-03-28 Hari Dep. Tr.) at 124:15-125:22.)

(*Id*. at 139:9-15.)

(*Id*. at 139:23-140:5.)

PI MOTION TO COMPEL KNOWLEDGEABLE
30(b)(6) WITNESS AND LEGIBLE SCHEMATICS
Case Nos. 5:16-cv-06379-BLF; 3:17-cv-03189 BLF

(Ex. 4 (2019-03-29 Hari Dep. Tr.) at 374:9-24.)

(*Id.* at 429:21-430:2.)  Mr. Hari was designated to provide answers on behalf of ON; as such, Power Integrations expects answers from that witness, not a referral to someone else.  If someone else has the knowledge, ON should have imported that knowledge to Mr. Hari or designated that someone else.

Power Integrations respectfully requests this Court to compel ON to produce a knowledgeable witness that can answer questions related to Topics 12-17 in Power Integrations' 30(b)(6) deposition notice.

## IV.     CONCLUSION

For the reasons discussed above, and good cause being shown, Power Integrations respectfully requests that the Court grant its Motion and compel ON to produce a knowledgeable 30(b)(6) witness and legible schematics.

Dated:  April 24, 2019                                 FISH & RICHARDSON P.C.


                                                        By:  */s/ Michael R. Headley*
                                                             Michael R. Headley

                                                        Attorneys for Plaintiff
                                                        POWER INTEGRATIONS, INC.