UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ON SEMICONDUCTOR CORPORATION, et al.,<br><br>Defendants. | Case No. 16-cv-06371-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE CIRCUIT SCHEMATICS AND RULE 30(B)(6) TESTIMONY**<br><br>Re: Dkt. No. 217 |

In this patent infringement action, plaintiff Power Integrations, Inc. ("PI") and defendants ON Semiconductor Corporation and Semiconductor Components Industries, LLC (collectively, "ON") dispute whether ON should be required to produce additional high-resolution schematics for all of the representative accused products, or whether ON's current production of schematics is sufficient. The parties also dispute whether ON should be required to provide further deposition testimony concerning certain deposition topics for which PI contends ON's corporate representative was unprepared.

The Court conducted a hearing on these disputes on May 21, 2019. Dkt. No. 241. Following the hearing, at the Court's direction, ON submitted the deposition transcripts of its corporate representative, Ajay Hari. As explained below, the Court denies PI's motion to compel the further production of schematics for ON's accused products, and grants in part and denies in part PI's motion to compel further deposition testimony.

## I. SCHEMATICS OF ACCUSED ON PRODUCTS

The Court understands that the parties are conducting discovery directed to seven representative accused ON products. Dkt. No. 217 at 1. In the ordinary course of its business, ON

maintains the schematics for these products in an electronic format. The schematics may be viewed using a schematic viewer provided by Cadence Design Systems. *Id.* at 5. The parties do not dispute that for each of these products, ON has produced schematics in both TIFF format and PDF format, and that ON has made available to PI a Cadence terminal for viewing the schematics as they are maintained in their native format. *Id.* The parties dispute only whether ON has produced its schematics in *high-resolution* PDF format. Dkt. No. 249 at: 4:19-24, 18:2-19, 40:23 –42:9. ON insists it has produced high-resolution PDFs; PI insists that, except for a set of schematics for the NCP1246 produced during Mr. Hari's deposition, ON has not produced high-resolution PDFs.

The Court need not resolve this dispute, as it is clear that ON has made the schematics available to PI in their native format by providing PI access to a Cadence terminal for viewing the schematics in their native format. ON has satisfied its obligations under Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure. No further production is required.

## II. RULE 30(B)(6) TESTIMONY OF ON

### A. Topics 2 and 4

PI served a Rule 30(b)(6) deposition notice on ON that included the following topics:

> Topic 2. The structure, function, and operation of the circuits of the Accused ON Products.
>
> Topic 4. The interpretation and explanation of ON's technical documents describing the circuits or circuit design of the Accused ON Products.

Dkt. No. 214-2 at 4, 5. ON designated Ajay Hari as its corporate representative for these topics, except as they concern the NCP105x products. *Id.* PI argues that Mr. Hari was not prepared to testify about information known to ON within the scope of these topics. Dkt. No. 217 at 2. ON argues that Mr. Hari was prepared but, given the breadth of these topics and the complexity of the schematics, it would not be possible for ON to designate a witness capable of answering all questions within the scope of these topics. *Id.* at 5–6.

Rule 30(b)(6) requires the party seeking discovery to describe "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b) (6). The designating party must

make a good faith effort to prepare its designees so that they can answer questions fully, completely, and unevasively. *In re JDS Uniphase Corp. Sec. Litig.,* Case No. 02-CV-1486 CW (EDL), 2007 WL 219857, at *1 (N.D. Cal. Jan. 29, 2007). A corporation may select one or more officers, directors, managing agents, or other persons to testify on its behalf, but if the designee cannot testify fully and completely on behalf of the corporation as to a particular topic based on his or her own personal knowledge, the corporation has a duty to prepare the designee using other sources of information available to the corporation. *Id.* ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."); *Gen. Elec. Co. v. Wilkins,* No. 10-00674 LJO JLT, 2012 WL 2376940, at *11 (E.D. Cal. June 22, 2012) ("A corporate designee need not have personal knowledge of the topics at issue but must be sufficiently prepared on the topics such to be able to provide knowledgeable and binding testimony.").

ON is correct that PI's deposition topics are extremely broad. While the topics are limited to "the Accused ON Products," they are not limited to the accused functionality within those products. However, ON did not object to these deposition topics on the ground that they failed to specify the subject matter of the examination with reasonable particularity. Instead, after making a series of mostly boilerplate objections to both topics, ON designated Mr. Hari "subject to [ON's] general and specific objections," without further specifying the scope of the matters about which Mr. Hari *would* be prepared to testify, except to exclude the NCP105x product family.

The Court has reviewed not only the excerpts of Mr. Hari's deposition testimony submitted with the parties' joint discovery dispute letter, but also the entirety of Mr. Hari's deposition testimony on March 28 and 29, 2019. Based on that review, the Court concludes that while Mr. Hari was able to answer certain questions about the accused functionality, such as questions posed with reference to ON's product data sheets, he was not prepared to answer questions about the operation of the accused circuits with reference to ON's schematics. ON asserts that "Mr. Hari studied the schematics before the deposition and was familiar with the operation of the accused products." Dkt. No. 217 at 5. That assertion is inconsistent with Mr. Hari's own deposition testimony in which he acknowledged that he did not review (let alone "study") any of the

3

1   schematics for the representative accused products before his deposition, except for the schematics
2   of the NCP1246 product, which he merely "glanced at." Hari Rule 30(b)(6) Dep. at 19:14-20:19.
3   During the deposition, Mr. Hari did not appear to be knowledgeable about the schematics he was
4   shown and required time to analyze them in order to respond to questions posed about the accused
5   functionality. When he did respond, his testimony suggests that he was interpreting the
6   schematics in real-time, rather than providing ON's corporate knowledge about the operation of
7   the particular circuit in question. *See, e.g.*, *id.* at 177:2–179:24.

The Court agrees that no designee could reasonably be expected to testify about all of the circuits in all of the accused ON products. However, PI appears to have limited its questions to the operation of the circuits related to the accused functionality, and ON should have expected to prepare its designee to testify about that subject matter. ON explains that Mr. Hari studied specific portions of the schematics in the evening between his first and second days of deposition, and that he would have been able to answer PI's questions had PI not abruptly terminated that portion of the deposition with a question pending. Dkt. No. 217 at 5–6. The Court has reviewed the portion of Mr. Hari's second day of deposition in which he was questioned again about schematics. Mr. Hari certainly seemed more familiar with the schematics on that second day, but he did not seem particularly facile with or knowledgeable about them, and he appeared to still require time to study and interpret the schematics during the deposition. It is not surprising that a corporate designee would require some amount of time to examine a complex document when answering questions in a deposition, but even on his second day of deposition, Mr. Hari seemed to be still in the process of learning or understanding the schematics in the first instance. *See, e.g.*, Hari Rule 30(b)(6) Dep. at 364:4–367:20.

The Court concludes that ON did not adequately prepare a corporate designee to testify about the portions of Topics 2 and 4 that concern the operation of the circuitry implementing the accused functionality of the representative accused products. ON must prepare one or more designees to testify on its behalf regarding this subject matter. The deposition will be limited to three hours and will be limited to questions relating to the schematics for the representative accused products. In advance of the deposition, PI must advise ON of the specific functionality

4

about which it will examine the designee, as it did towards the end of the first day of Mr. Hari's deposition.

### B. Topics 12-17

PI's Rule 30(b)(6) deposition notice also included the following topics:

> Topic 12. The features that ON's customers or potential customers prefer, or have requested, be incorporated or designed into the Accused ON Products.
>
> Topic 13. Communications with any third parties related to the Accused Infringing Features or any functionally equivalent features in PI's products, including the identity of those third parties, documents that refer to, relate to, or corroborate those communications, and the facts and circumstances relating to those communications.
>
> Topic 14. ON's internal efforts and work with customers to incorporate any Accused ON Produce into any Downstream Product, including work to design-in, qualify, or otherwise sell the Accused ON Products or Downstream Products containing the Accused ON Products.
>
> Topic 15. ON's internal efforts and work with customers to design or qualify any Downstream Product using any Accused ON Product to meet or conform to any U.S. regulatory standards, including Federal Communications Commission ("FCC"), Energy Star, California Energy Commission ("CEC"), or Underwriters' Laboratories ("UL") standards.
>
> Topic 16. The preparation, content, interpretation, and distribution of promotional materials used in marketing the Accused ON Products.
>
> Topic 17. The existence, development, manufacturing, testing, and distribution of any reference design(s), demonstration board(s), or evaluation board(s) that incorporate any of the Accused ON Products.

Dkt. No. 214-2 at 12–16. ON also designated Mr. Hari as its corporate representative for these topics, except as they concern the NCP105x products. *Id.* PI argues that Mr. Hari was not prepared to testify about information known to ON within the scope of these topics, although it focuses entirely on Topic 14, which concerns ON's efforts to have customers design-in the accused ON products. *See* Dkt. No. 217 at 3–4. ON argues again Mr. Hari was prepared but that PI's deposition topics are impossibly broad. *Id.* at 6.

The Court agrees that many of these topics are so broadly drafted that it would be difficult

5

to prepare a designee or designees to testify about their full scope.  For example, unless the communications are very few or are identified by PI in advance of the deposition, ON cannot reasonably be expected to produce a designee prepared to testify about every single communication with a third party within the scope of Topic 13.  The problem is that ON did not object in any meaningful way to the scope of these topics or limit its designation of Mr. Hari to a narrower scope.

For purposes of this dispute, the Court focuses on Topic 14, as that was the topic specifically addressed in the parties' joint submission.  Mr. Hari was not prepared to fairly respond to questions about ON's design-in efforts with respect to the accused products.  He appeared to testify solely on the basis of his personal knowledge, which was rather limited.  *See, e.g.*, Hari Rule 30(b)(6) Dep. at 73:21–74:3, 80:15–84:23, 136:8-11, 139:23-25.  ON must prepare one or more designees to testify on its behalf regarding the subject matter of Topic 14.  The deposition will be limited to three hours.  If PI wishes to ask the designee about specific customers or specific design-in efforts, it must identify those customers and efforts to ON sufficiently in advance of the deposition to allow ON an opportunity to prepare a designee or designees to testify about them.

### III. CONCLUSION

ON shall produce for further deposition one or more corporate representative to testify as to the matters set forth above.  The Court expects the parties to cooperate to ensure that these further depositions proceed expeditiously and do not delay further proceedings in the case.

**IT IS SO ORDERED.**

Dated: June 3, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge