UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ON SEMICONDUCTOR CORPORATION, et al.,<br><br>Defendants. | Case No. 16-cv-06371-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PRIVITY DISCOVERY**<br><br>Re: Dkt. No. 218 |

In this patent infringement action, plaintiff Power Integrations, Inc. ("PI") and defendants ON Semiconductor Corporation and Semiconductor Components Industries, LLC (collectively, "ON") dispute whether ON should be required to provide discovery relating to its communications with Fairchild Semiconductor before ON and Fairchild Semiconductor ("Fairchild") merged. PI contends that this discovery is critical to the issue preclusion defense it has asserted in this action.

The Court conducted a hearing on these disputes on May 21, 2019. Dkt. No. 241. As explained below, the Court denies PI's motion to compel.

## I. BACKGROUND

ON acquired or merged with Fairchild in September 2016. Dkt. No. 218 at 4; Dkt. No. 1 ¶ 4. Prior to that transaction, PI and Fairchild were engaged in patent litigation involving some of the same patents at issue in this action. In particular, in April 2012 a jury found that Fairchild had infringed PI's U.S. Patent No. 6,249,876 ("the '876 patent") and that the asserted claims were not invalid. *See* Dkt. No. 224 at 5. In March 2014, a jury found that Fairchild had infringed PI's U.S. Patent No. 6,212,079 ("the '079 patent"). *Id*. Here, PI contends that ON is barred from challenging the validity of the '876 and '079 patents because it believes that ON was in privity

with Fairchild when Fairchild unsuccessfully challenged the validity of these patents in prior litigation.[1] In aid of this contention, PI moves to compel documents, interrogatory responses, and deposition testimony regarding ON and Fairchild's communications and activities prior to the September 2016 merger. Dkt. No. 218.

ON opposes this discovery on several grounds. First, ON argues that it will produce the documents PI seeks because it has already been ordered to do so in parallel litigation pending before Judge Stark in the District of Delaware and those documents may be used in this proceeding. Dkt. No. 218 at 4; *see ON Semiconductor Corp. et al. v. Power Integrations, Inc.*, No. 17-247, Dkt. No. 202 (D. Del. Apr. 25, 2019). Second, ON argues that the Court should not require it to respond to PI's interrogatories, as those interrogatories essentially seek information describing the documents ON has represented it will produce. Finally, ON argues that PI is not entitled to deposition testimony, either from a corporate representative or from ON's Chief IP Counsel Rob Tuttle, because that testimony is not relevant to any claim or defense in the case and because PI's motion as to Mr. Tuttle is untimely.

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, the Court considers whether the discovery PI seeks is both relevant to the claims or defenses in the action and proportional to the needs of the case.

## III. DISCUSSION

### A. Pre-Merger Communications Between ON and Fairchild

#### 1. Privity-Related Discovery

PI's principal justification for seeking discovery of pre-merger communications between

---

[1] PI has moved for summary judgment on this issue, and that motion is set for hearing before Judge Freeman on June 6, 2019. Dkt. No. 224.

ON and Fairchild is that such communications are relevant to the question of whether ON is or was in privity with Fairchild, such that ON should be precluded from challenging the validity of '876 and '079 patents.

The parties' arguments in support of their respective positions on this discovery dispute parallel the arguments they have made with respect to PI's pending motion for summary judgment. *See* Dkt. Nos. 224, 235. After the Fairchild trials challenging the validity of the patents had concluded in 2012 and 2014, PI says that ON and Fairchild entered into a confidentiality agreement and a definitive merger agreement in 2015, and that as part of the due diligence process related to the merger, ON began communicating with Fairchild on strategy regarding the validity of the '876 and '079 patents. PI argues that ON is bound by the judgments against Fairchild because Fairchild is now a subsidiary of ON. Dkt. No. 218 at 1; Dkt. No. 224 at 2–6. PI notes that Judge Freeman concluded that the issue preclusion question could not be decided without considering matters outside the pleading, and PI says it now seeks discovery to develop the factual record. Dkt. No. 218 at 2.

ON argues that it did not participate in the trials involving Fairchild's invalidity challenges to these patents and did not even begin to engage with Fairchild at all until after those trials were concluded. ON also argues that the products at issue in this case are not Fairchild legacy products, but rather ON products developed prior to ON's acquisition of Fairchild. ON argues that absent evidence that it controlled the prior Fairchild trials, it may not be considered in privity with Fairchild because it did not have an "opportunity to present proofs and argument" on the question of validity in those trials. *See* Dkt. No. 235 at 4 (quoting *Taylor v. Sturgell*, 553 U.S. 893, 895 (2008)); Dkt. No. 218 at 5. ON denies that it exercised such control. In these circumstances, ON says, there could be no privity between ON and Fairchild and no basis for obtaining discovery directed to that issue.

PI refers to communications between ON and Fairchild about the validity of the asserted patents *after* the Fairchild trials had concluded but before the merger had closed, but PI does not explain how the existence of those communications supports its request for all pre-merger communications between ON and Fairchild. PI does not suggest it has any basis to believe that

3

ON and Fairchild began communicating about the validity of the '876 and '079 patents until well after Fairchild's invalidity challenges to the two patents had been tried to juries. Even assuming ON became actively engaged in Fairchild's efforts to reverse those jury verdicts post-trial and on appeal, PI does not explain how discovery of such activity bears on the question of ON's privity with Fairchild. Conversely, if, as PI contends, ON is bound by the judgments against Fairchild because ON is Fairchild's successor-in-interest, pre-merger communications between ON and Fairchild would appear to be irrelevant.

ON says that it will comply with Judge Stark's order to produce documents reflecting pre-merger exchanges and communications between ON and Fairchild. Because PI has not demonstrated that any of the other discovery it seeks is relevant to the question of ON's privity with Fairchild, the Court's denies PI's motion on this ground.

### B. Other Justifications for the Discovery

PI also contends that the discovery it seeks is relevant to establishing ON's knowledge of the asserted patents and its valuation of the asserted patents. These arguments are not well developed, and in any event, they could only support a fraction of the discovery PI now seeks.

The Court notes that Judge Stark has already ordered ON to produce its "non-privileged evaluations of PI's patents (if any exist)." *ON Semiconductor Corp. et al. v. Power Integrations, Inc.*, No. 17-247, Dkt. No. 202 (D. Del. Apr. 25, 2019). Assuming ON will produce documents in compliance with Judge Stark's order, this Court denies PI's request for broader discovery on these additional grounds as well.

### C. Deposition of Mr. Tuttle

ON objects to PI's motion to compel the deposition of Mr. Tuttle on several grounds, including that the motion is untimely. ON is correct that PI did not move to compel the deposition of Mr. Tuttle within the time set by Civil Local Rule 37-3. PI has not shown good cause for the Court to consider the motion out of time. Accordingly, PI's motion to compel Mr. Tuttle's deposition is denied.

### IV. CONCLUSION

For the reasons explained above, the Court denies PI's motion to compel documents

responsive to PI's Requests for Production Nos. 33-37, answers to PI's Interrogatories Nos. 19-21, and testimony about Rule 30(b)(6) deposition topics 36 and 42. The Court also denies PI's motion to compel the deposition of Rob Tuttle.

**IT IS SO ORDERED.**

Dated: June 5, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge